**STATE of Iowa, Appellee,**

**v.**

**Harry GRAY, Appellant.**

**No. 54509.**

Supreme Court of Iowa.

June 29, 1972.

REES, Justice.

Defendant was charged by county attorney's information with shoplifting in violation of section 709.20, The Code, 1966. Specifically, he was charged with aiding and abetting another in shoplifting and carrying away certain power tools and other merchandise from Larson Lumber & Grain Company, of Slater, Iowa, on or about November 19, 1969.

Following entry of defendant's plea of not guilty, the matter was tried to a jury and a verdict of guilty was returned. Judgment was entered on the verdict and defendant was sentenced to imprisonment in the penitentiary for a term of not to exceed five years. We affirm the trial court.

On November 19, 1969 defendant, in company of one Knauss, one Evans, and two girls, drove to the town of Slater in Story County. During the ride, Knauss indicated he was short of funds, and defendant said, "There is a lumberyard here", to which Knauss responded, "O.K." The automobile which was not the property of any of its occupants was being operated by one of the young women in the car. The operator of a grocery store testified the automobile was parked across the street from her place of business, and she identified defendant and Knauss as two of the occupants of the automobile. She saw Knauss and one of the girls walking toward the lumberyard, and also saw defendant waving to Knauss and the girl. Knauss picked up some merchandise, placed it under his jacket; then made his way back to the automobile, but was pursued by an employee of the lumberyard. He got into the automobile and drove rapidly away, later returning to the vicinity and picking up all of his companions. A short time later the automobile was stopped by the authorities and all of the parties were still in the car, together with the property stolen from the lumberyard. All were thereupon taken into custody.

Jerry L. Jones, of Maurer & Jones, Ames, for appellant.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., and Donald L. Smith, County Atty., Ames, for appellee.

Defendant appeals, alleging three errors as grounds for reversal, namely:

1. The trial court erred in overruling defendant's motion for directed verdict for the reason there was insufficient evidence of aiding and abetting.

2. The court erred in overruling defendant's motion for directed verdict for the reason that the testimony of the accomplice was not sufficiently corroborated.

3. Trial court erred in instructing the jury by implying in one of the instructions that there was complicity in fact between the witness Knauss and the defendant.

I. We deem the first two assignments of error so interrelated with each other they need not be treated separately. Defendant contends there was insufficient evidence of aiding and abetting and that the testimony of the accomplice Knauss was not sufficiently corroborated.

■■■ With respect to defendant's claim there was insufficient evidence of aiding and abetting to support a conviction, we view the evidence in the light most favorable to the State. The finding of guilt by the trier of fact is binding on us unless we are satisfied it is without substantial support in the evidence or is clearly against the weight thereof. State v. Daves, 259 Iowa 584, 585, 144 N.W.2d 879, 880, and cases there cited. The testimony of the accomplice is sufficient *prima facie* to justify submission on the theory of aiding and abetting; and the testimony of the operator of the grocery store in Slater, putting defendant in the area of the commission of the crime in company with the actual perpetrator thereof, behaving in a manner showing some connection with the incident, the subsequent arrest of defendant in the company of the perpetrator, and in possession of the articles stolen, is, in our judgment, sufficient corroboration of the testimony of the accomplice. Evidence corroborating the testimony of an accomplice may be either direct or circumstantial, and need not be entirely inconsistent with inno-

cence. State v. Jennings (Iowa, 1972), 195 N.W.2d 351, 357. Whether there exists corroborative evidence adequate to meet the requirements for corroboration is a question of law for the court, the sufficiency thereof remains a fact issue for the jury. State v. Jennings, *supra*, 195 N.W. 2d at 357.

We conclude trial court was correct in submitting the matter to the jury on the record made, and find no merit in defendant's first two assignments of error.

II. Defendant in his third assignment of error complains the trial court erred in instructing the jury in instruction number six by implying there was complicity in fact between the witness Knauss and the defendant.

■■■ We have examined instruction number six and find it is a verbatim statement of the law as is set out in Uniform Criminal Jury Instruction Number 501.8. It is no more nor less than an abstract statement of the principles of law involved in the case. It defines the word "accomplice", informs the jury that under the laws of Iowa a defendant cannot be convicted of a public offense upon the evidence of accomplices unless their testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense charged, and that such corroboration is not sufficient if it merely shows the commission of the offense or circumstances thereof. It further informs the jury that such corroboration may be by either direct or circumstantial evidence and cautions the jury that if it found any witness offered by the State to be an accomplice, defendant could not be convicted of the offense charged against him upon the testimony of such an accomplice alone unless there was other evidence tending to connect the defendant with the commission of the offense, and such evidence must be such as tends to single out the defendant as one of the persons who committed it.

We find instruction number six to be a correct statement of the law, and find no

error on the part of trial court in submitting it to the jury.

We find no reversible error, and affirm the trial court.

Affirmed.

All Justices concur except Mc-CORMICK, J., who takes no part.