STATE of Iowa, Appellee,

v.

Edward Curtis TAYLOR, Appellant.

No. 55206.

Supreme Court of Iowa.

Oct. 18, 1972.

Gene L. Needles, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Jr., Asst. Atty. Gen., and Raymond A. Fenton, Polk County Atty., for appellee.

Heard before MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS, and McCORMICK, JJ.

McCORMICK, Justice.

Defendant was convicted by jury and sentenced for breaking and entering under Code § 708.8. His appeal presents three questions: 1) Was the evidence sufficient for submission of the case to the jury? 2) Did trial court err by commenting in ruling upon an objection? 3) Did trial court err in admitting a fingerprint identification opinion? We find no reversible error and affirm.

I. *Sufficiency of the evidence.* Evidence is sufficient to support a verdict if it is substantial and the verdict is not contrary to its clear weight. In deciding whether it is sufficient we view it in its light most favorable to the verdict. State v. Gray, 199 N.W.2d 57, 59 (Iowa 1972). In this case there was ample evidence from which the jury could find the Harold T. Brown home was broken into during the afternoon of May 29, 1971, during the Browns' absence. A TV set and other items of personal property were taken. Three men were involved, two of whom broke the glass out of the rear storm door and entered while the third waited in front. The three left together on foot.

The main issue was identification of defendant as one of the three men involved.

This identification was supplied in two ways. First, there was evidence a print from defendant's left index finger was on a sliver of the glass from the door found on the kitchen floor of the home. Mr. Brown said defendant never had permission to be in his home and had not to his knowledge previously been there. A neighbor testified he saw defendant nearby with two other men earlier in the afternoon. Second, he was identified through testimony of Sharon Williams, 18, who lived next door and Sharon's friend Linda Renteria, 19, had been visiting her. Linda said she was outside the Williams home when she heard the glass break next door and then saw two men whom she did not know enter the home. She later saw them come out. She went in the Williams home and told Sharon she thought they had broken into the Brown home. Although Sharon got outside in time to see the three men walk away together she did not recognize them from the rear. The girls got in a car and went in the direction they saw them walking and located them five or ten minutes later two blocks away on University Avenue. Sharon knew defendant and identified him as one of the two men pointed out by Linda as having entered the Brown home.

The verdict was supported by sufficient evidence. Trial court did not err in overruling the motions for directed verdict and new trial on this basis.

■ II. *Commenting in ruling upon an objection.* State's Exhibit B was the fingerprint police technician William Cloyed testified he lifted from the silver of glass he found at the scene. He said he gave the exhibit to identification-expert detective Edward J. Breese for comparison with Exhibit A, known fingerprints of defendant. In explaining his comparison procedure detective Breese referred to Exhibit B as the fingerprint "found at the scene of the crime at 1243 15th Street." Defense counsel objected on hearsay and foundation grounds. Trial court responded:

"Well, its perfectly true that this witness doesn't know where it came from. On the other hand, it's true that the previous witness identified the Exhibit B. The objection will be sustained for what it may be worth."

Defendant claims trial court by this ruling improperly told the jury defendant's fingerprint had in fact been found at the crime scene.

This contention was not urged at trial and cannot be effectively asserted for the first time on appeal. State v. Beer, 193 N.W.2d 530, 532 (Iowa 1972), and citations. Moreover, defendant claims far too much for the import of the court's ruling. We construe trial court's statement as explanation it believed the objection was good on the hearsay basis but not as to foundation because of officer Cloyed's earlier testimony. Officer Cloyed *had* identified Exhibit B. This is undoubtedly why trial court questioned the worth to defendant of keeping a repetition of that evidence from the record. Trial court did not purport to tell the jury Cloyed's testimony was true, only that it had been given. The court did not vouch for it. We find no improper comment in the ruling. "[R]emarks by a trial judge while ruling on objections as to admissibility of evidence, cannot be held erroneous provided they are not unfair and prejudicial to the accused." State v. Fiedler, 260 Iowa 1198, 1203, 152 N.W. 2d 236, 240 (1967). There was no unfairness or prejudice here.

■ III. *The fingerprint identification.* Officer Breese was duly qualified as a fingerprint identification expert. Proper foundation was laid for his opinion regarding comparison of the fingerprint obtained at the scene (Exhibit B) and the known prints of defendant (Exhibit A). When asked his opinion he answered:

"My opinion is the fingerprint that was lifted by—given to me by identification technician William Cloyed was made by the left index finger of Edward Curtis Taylor."

No objection was made until *after* the answer. Counsel then stated, "I will object to this as an improper response to the question. It invades the province of the jury." The objection was overruled. Defendant claims this ruling was wrong. The record does not preserve the claim since the objection was not made until after answer, no reason for delay appears and no motion to strike was made. Oakes v. Peter Pan Bakeries, Inc., 258 Iowa 447, 451, 138 N.W.2d 93, 96 (1965), and citations. In any event the ruling was proper. Where, as here, inquiry is directed to a proper subject of expert testimony, an objection that it invades the province of the jury is invalid. Grismore v. Consolidated Products Co., 232 Iowa 328, 344, 5 N.W.2d 646, 655 (1942).

We find no merit in the errors assigned and upon review of the entire record believe defendant had a fair trial.

Affirmed.