STATE of Iowa, Appellee,

v.

Richard Vernon SCHIERNBECK, Appellant.

No. 55623.

Supreme Court of Iowa.

Jan. 17, 1973.

Rehearing Denied March 22, 1973.

Richard C. Turner, Atty. Gen., Ray Sullins, Asst. Atty. Gen., and Thomas R. Eller, Denison, for appellee.

Lee J. Farnsworth, Denison, for appellant.

Heard before MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON, and McCORMICK, JJ.

McCORMICK, Justice.

Defendant was convicted by jury and sentenced for robbery without aggravation under Code § 711.3. He principally alleges trial court erred in failing to dismiss the case before trial, in overruling his motion for mistrial based upon the county attorney's opening statement, and in overruling his motion for directed verdict predicated upon insufficiency of the evidence to permit a conviction. We find no merit in these or other assigned errors and affirm.

I. *The motions to dismiss.* Defendant was arrested during the night of October 4, 1970, for robbery with aggravation. The charge was based upon an incident earlier in the evening when a masked man entered the quarters of the operators of the Denison Motel and allegedly robbed them. Defendant appeared without counsel in justice of the peace court October 5, 1970, was bound over to the jurisdiction of the district court, and was held in jail in lieu of bail. Ten days later he acquired present counsel who immediately filed "demand for speedy trial." On November 16, 1971, he filed a motion to dismiss under Code § 795.1 because he had not been indicted or informed against. County attorney's information charging him with robbery without aggravation was filed the same date. The clerk assigned it a new criminal case

file number. The State also filed resistance to the motion to dismiss grounded upon a contention that the thirtieth day after demand for speedy trial was a Saturday, extending the permissible time for filing the information until Monday, November 16, pursuant to Code § 4.1(23).

Defendant was released on bail November 23, 1970. His motion to dismiss was never ruled on. Instead, upon *ex parte* motion by the county attorney the court dismissed the case in the interests of justice (without prejudice) pursuant to Code § 795.5, on December 7, 1970.

Subsequently, on March 24, 1971, defendant was indicted for robbery without aggravation (under a third criminal case file number) based upon the same incident. On April 9, 1971, defendant, represented by present counsel, entered a not guilty plea. On August 19, 1971, he filed a motion to suppress evidence from a search. It was not until September 13, 1971, that he filed a motion to dismiss the indictment, renewing the grounds of his prior motion and adding assertions that the former county attorney had prevented ruling on the earlier motion to dismiss by various devices including use of different criminal case file numbers. The motion was discussed with Judge Brannon on the same date. The judge directed the parties to furnish briefs. The record does not disclose that a date was fixed for final submission of the motion although additional hearing was fully discussed and obviously contemplated.

On September 20, 1971, defendant filed an amendment to his second motion to dismiss wherein he denied he waived right to speedy trial by filing his motion to suppress evidence. On the same date Judge Brannon sustained the motion to suppress.

No ruling was made on the motion to dismiss. Defendant proceeded to trial September 21, 1971, without requesting a ruling and did not call the matter to trial court's attention until after trial. Cf. State v. Allnutt, 261 Iowa 897, 905, 156 N. W.2d 266, 270 (1968) ("There is no rule

* * * which permits a defendant to use this cherished right [to speedy trial] simply to challenge an adverse verdict.").

█ Defendant asserts trial court erred in failing to sustain either of his motions to dismiss. However, neither motion was ever ruled on by the tria¹ court. A motion not ruled on in the trial court, where there has been no request or demand for ruling, preserves no error. State v. Hephner, 161 N.W.2d 714, 717 (Iowa 1968), and citations. We would violate our function as a court of review if we were to pass upon the merits of a motion without at least a showing in the record that a trial court ruling was specifically requested, after which it failed or refused to rule. Albright v. Winey, 226 Iowa 222, 225, 284 N. W. 86, 87 (1939); Grafton v. Delano, 175 Iowa 483, 491, 154 N.W. 1009, 1012 (1915).

In this case defendant proceeded to trial knowing there had been no ruling on either of his motions to dismiss and without having called the omission to the attention of the court. Under this record we have nothing to review.

█ II. *The motion for mistrial.* During his opening statement the county attorney stated:

"Now, the State's case is this: there is no other reasonable explanation except that the person that entered this kitchen was Richard Schiernbeck. We have a description of the coat in there."

Objection to this as argument was overruled. Then the county attorney continued:

"I'll be very brief. There is no other logical explanation here. Schiernbeck the fellow that came in this motel, was the only person that came in that night. No one else came in through the kitchen door. No one else was in there. Richard Schiernbeck was not seen in the motel doing business. So, obviously, if one person entered through this door, and they were robbed, and this was seen,

Schiernbeck entering the door, this same fellow came through the door, came through the door and robbed, it has to be Schiernbeck."

Objection was repeated and sustained. Defendant's motion for mistrial was overruled. The jury was admonished by trial court to disregard the argumentative portion of the county attorney's remarks. Defendant claims trial court erred in overruling his motion for mistrial. We do not agree.

We believe trial court acted within its permissible range of discretion in finding the county attorney's statements did not deprive defendant of a fair trial. See State v. Moreland, 201 N.W.2d 713, 715 (Iowa 1972); State v. Hephner, *supra*, 161 N.W. 2d at 721, and citations.

III. *The sufficiency of the evidence.* "Evidence is sufficient to support a verdict if it is substantial and the verdict is not contrary to its clear weight. In deciding whether it is sufficient we view it in its light most favorable to the verdict." State v. Taylor, 201 N.W.2d 724, 725 (Iowa 1972).

 Here the only issue is the defendant's identity as the robber. One of the victims, Golda Miller, identified him as the perpetrator of the offense. She said she knew him because he had previously stayed at the motel. Another witness, whom defendant had visited that evening, testified he saw defendant enter the motel operators' quarters at about the time the robbery occurred. There was also evidence that the masked robber was dressed in a blue jacket with sheepskin collar like that worn by defendant on the evening involved.

The verdict was supported by sufficient evidence. See State v. Taylor, *supra*; State v. Parkey, 200 N.W.2d 518 (Iowa 1972).

 IV. We have considered defendant's other assignments of error. Some inhere in those discussed. The others involve questions not urged below and cannot be effectively asserted for the first time here. State v. Beer, 193 N.W.2d 530, 532 (Iowa 1972). Upon review of the whole record we believe defendant had a fair trial and find no reversible error.

Affirmed.