Rel: December 16, 2022

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2022-2023

————————————

### CR-21-0347

————————————

### Brett Lee Williams

### v.

### State of Alabama

### Appeal from Morgan Circuit Court
### (CC-17-531)

McCOOL, Judge.

Brett Lee Williams appeals his conviction for driving under the influence of alcohol ("DUI"). See § 32-5A-191(a)(2), Ala. Code 1975. The trial court sentenced Williams to 365 days in the Morgan County jail and split the sentence, ordering Williams to serve 180 days, to be followed by

24 months of probation. The trial court also ordered Williams to pay a $500 fine.

Facts and Procedural History

Williams was arrested for DUI during a traffic stop that occurred on November 18, 2016. In May 2017, Williams was convicted of DUI in the Morgan District Court, and he appealed to the Morgan Circuit Court for a trial de novo. Following several continuances, Williams's trial was scheduled to begin in December 2021 – more than four years after he filed his notice of appeal. Two days before trial, Williams, who appears to have been proceeding pro se by that time, filed a motion to dismiss the DUI charge. In that motion, Williams raised multiple grounds for dismissal, including that the State had violated his constitutional right to a speedy trial. See U.S. Const., Amend. VI; and Ala. Const., Art. I, § 6. The record does not indicate that the trial court held a hearing on Williams's motion or that it issued a ruling on the motion, and Williams concedes that the trial court "[n]ever even acknowledged the motion" and "did not conduct any hearing on the matter or make any findings or ruling." (Williams's brief, p. 13.) Following a jury trial at which he represented himself, Williams was convicted of DUI.

2

## Discussion

Williams's sole argument on appeal concerns the speedy-trial claim he raised in his motion to dismiss. A speedy-trial claim is governed by the factors set forth by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514 (1972), and Williams argues that an analysis of those factors demonstrates that the State violated his constitutional right to a speedy trial. However, Williams does not seek to have this Court analyze the Barker factors and find a speedy-trial violation. Instead, after noting that the trial court never ruled on his speedy-trial claim, the only relief Williams seeks is for this Court to remand the case to that court for it to "conduct a Barker inquiry and make specific written findings in granting or denying" his speedy-trial claim. (Williams's brief, p. 16.) In support of that request, Williams cites State v. Crandle, [Ms. CR-20-0148, Oct. 8, 2021] ___ So. 3d ___ (Ala. Crim. App. 2021); Draper v. State, 886 So. 2d 105 (Ala. Crim. App. 2003); Parris v. State, 885 So. 2d 813 (Ala. Crim. App. 2001); and Bishop v. State, 656 So. 2d 394 (Ala. Crim. App. 1994). In each of those cases, the record did not indicate that the trial court had considered the Barker factors in denying the defendant's speedy-trial claim. Thus, this Court remanded each case –

3

as Williams asks us to do here – for the trial court to make specific, written findings of fact as to each Barker factor so that this Court could properly review the defendant's speedy-trial claim.

However, unlike the appellants in Crandle, Draper, Parris, and Bishop, Williams did not obtain a ruling on his speedy-trial claim – a fact he concedes.[1] This Court has previously held that it

> "'will not review the merits of a motion presented by the appellant at trial unless the court below has issued a ruling adverse to the appellant on the motion. Knight v. State, 623 So. 2d 376, 379 (Ala. Cr. App. 1993). It is the appellant's duty to preserve the record for appeal by invoking a ruling from the trial court. White [v. State], 589 So. 2d [765] at 766 [(Ala. Crim. App. 1991)].'"

Johnson v. State, 43 So. 3d 7, 15 (Ala. Crim. App. 2009) (quoting Berryhill v. State, 726 So. 2d 297, 302 (Ala. Crim. App. 1998)) (emphasis added).

It does not appear that this Court has previously had occasion to apply this specific preservation rule to a speedy-trial claim, but it is well settled that constitutional claims, including speedy-trial claims, must be properly preserved at trial or will not be considered on appeal. See Archie

---

[1]In Bishop, this Court noted that the record contained no ruling on the defendant's speedy-trial claim but also noted that the defendant had acknowledged in his postjudgment motion that the trial court had denied the claim. Bishop, 656 So. 2d at 397.

v. State, 875 So. 2d 336, 339 (Ala. Crim. App. 2003) (holding that a speedy-trial claim was not preserved for appellate review because the appellant had not raised the claim in the trial court). And other jurisdictions have expressly held that a speedy-trial claim is not preserved for appellate review, even if the claim is raised in the trial court, unless the defendant receives an adverse ruling on the claim. See State v. Lopez, 143 N.M. 274, 280-81, 175 P.3d 942, 948-49 (N.M. Ct. App. 2007) ("Defendant twice filed motions demanding a speedy trial, but the court below never held a hearing on Defendant's demand. It is well-settled law that in order to preserve a speedy trial argument, Defendant must properly raise it in the lower court and invoke a ruling." (emphasis added)); People v. Roberts, 321 P.3d 581, 590 (Colo. Ct. App. 2013) ("Defendant did not properly preserve his constitutional speedy trial argument for review: although he referenced it in his written motions, he provided no analysis of the constitutional issues and never sought a ruling from the trial court." (emphasis added)); State v. Hatt, 11 Wash. App. 2d 113, 151, 452 P.3d 577, 598 (2019) (holding that the defendant's speedy-trial claim had not been preserved for appellate review because, although the defendant had raised the claim in a pretrial motion, the

5

trial court "did not make a ruling" on the motion); Ainsworth v. State, 367 Ark. 353, 359, 240 S.W.3d 105, 110 (2006) ("The Appellant received no ruling upon this [speedy-trial] argument from the trial court, and thus it is not preserved for our review."); and State v. Schiernbeck, 203 N.W.2d 546, 547 (Iowa 1973) ("Defendant asserts trial court erred in failing to sustain either of his motions to dismiss[, in which he raised a speedy-trial claim]. However, neither motion was ever ruled on by the trial court. A motion not ruled on in the trial court, where there has been no request or demand for ruling, preserves no error. We would violate our function as a court of review if we were to pass upon the merits of a motion without at least a showing in the record that a trial court ruling was specifically requested, after which it failed or refused to rule." (internal citation omitted)).

We recognize that the trial court's decision to proceed with Williams's trial despite his pending speedy-trial claim could arguably be interpreted as an implicit denial of the claim. However, a Texas Court of Appeals has refused to find an implicit denial of a speedy-trial claim in a case where "the record d[id] not reflect that the [claim] was ever specifically brought to the trial court's attention." State v. Kelley, 20

6

S.W.3d 147, 153 (Tex. App. 2000) (emphasis added). We do not hold that there can never be an implicit denial of a speedy-trial claim, but that Court's conclusion is sound in this case because there is nothing in the record to indicate that Williams's speedy-trial claim was ever specifically brought to the trial court's attention. Nowhere in the record, including the transcript of the proceedings, does the trial court ever acknowledge that claim or even acknowledge that Williams had filed a motion to dismiss – once again, a fact Williams concedes. The only mention of the claim in the entire record is in that motion, but there is nothing in the record to indicate that the trial court ever knew the motion had been filed. Although a stamp on the motion indicates that it was filed with the circuit clerk two days before trial (C. 49), "[m]erely filing [a motion] with the [circuit] clerk is not sufficient to impute knowledge of the pending pleading to the trial court." In re Hearn, 137 S.W.3d 681, 685 (Tex. App. 2004). See also Guevara v. State, 985 S.W.2d 590, 592 (Tex. App. 1999) ("[P]resentment [to the trial court] means more than mere filing. The movant must make the trial judge aware of the motion by calling the judge's attention to it in open court and requesting a ruling thereon." (internal citation omitted)). Thus, because "the record does not reflect

that [Williams's speedy-trial claim] was ever <u>specifically brought to the trial court's attention</u>, … we cannot say that the trial court's failure to dismiss the case was an implicit overruling of the [claim]." <u>Kelley</u>, 20 S.W.3d at 153 (emphasis added).

Based on the foregoing, we hold that a speedy-trial claim is not preserved for appellate review unless the defendant properly raises the claim in the trial court <u>and</u> receives an adverse ruling on the claim. As the Iowa Supreme Court aptly stated in <u>Schiernbeck</u>, <u>supra</u>: "We would violate our function as a court of review if we were to pass upon the merits of a motion without at least a showing in the record that a trial court ruling was specifically requested, after which it failed or refused to rule." <u>Schiernbeck</u>, 203 N.W.2d at 547. In this case, it is undisputed that the trial court never expressly ruled on Williams's speedy-trial claim – a ruling that Williams had the duty to invoke, <u>Johnson</u>, 43 So. 3d at 15 – and, given the record before us, we cannot say that the trial court implicitly denied that claim. Thus, Williams's speedy-trial claim was not preserved for appellate review, and there is no need for this Court to remand the case for the trial court to make findings of fact on a claim

that has not been preserved for our review. Accordingly, because that is the only relief Williams seeks, his conviction is due to be affirmed.[2]

However, although we need not remand the case for the trial court to make findings of fact regarding Williams's speedy-trial claim, we must remand the case for that court to correct Williams's sentence, which is in part illegal. Neither party raises an issue regarding the legality of Williams's sentence, but

> "[i]t is well settled that '[m]atters concerning unauthorized sentences are jurisdictional.' Hunt v. State, 659 So. 2d 998, 999 (Ala. Crim. App. 1994). Therefore, this Court may take notice of an illegal sentence 'at any time and may do so even ex mero motu.' Moore v. State, 40 So. 3d 750, 753 (Ala. Crim. App. 2009)."

Towns v. State, 293 So. 3d 975, 985 (Ala. Crim. App. 2019).

---

[2]Our holding that a speedy-trial claim must be preserved in the trial court before it can be raised on appeal does not conflict with Barker, supra. In that case, the United States Supreme Court held that a defendant's delay in asserting his right to a speedy trial does not waive the right in the trial court, but, as a Texas Court of Appeals has explained, it is a "faulty premise" to conclude from that holding that Barker permits a defendant to raise on appeal a speedy-trial claim that was not preserved in the trial court. Guevara, 985 S.W.2d at 592. See also Wade v. State, 83 S.W.3d 835, 838 (Tex. App. 2002) (noting that nothing in Barker indicates that the Court "intended to abrogate the long-standing [preservation] rule").

The record indicates that Williams's DUI conviction was his first such conviction.[3] The maximum sentence for a first DUI conviction, which is "specially classified as a 'misdemeanor traffic infraction,'" Woods v. State, 224 So. 3d 677, 680 (Ala. Crim. App. 2016), is imprisonment in the county or municipal jail for not more than one year. § 32-5A-191(e). Thus, because Williams was sentenced to 365 days in the Morgan County jail, the length of his sentence is legal. However, the trial court split Williams's sentence, ordering him to serve 180 days in the jail, and it is the split portion of Williams's sentence that is illegal.

Section 15-18-8, Ala. Code 1975, which is commonly referred to as the Split Sentence Act, authorizes a trial court to split sentences under certain circumstances. In Collier v. State, 293 So. 3d 961 (Ala. Crim. App. 2019), this Court discussed the history of the Split Sentence Act, which has been amended multiple times since its enactment in 1976, and held that, pursuant to an amendment that took effect on January 30,

---

[3]That fact is demonstrated by both the district court's judgment (C. 24) and the fact that the State made no attempt at the sentencing hearing to prove that Williams has any prior DUI convictions. See generally Ex parte Marshall, 25 So. 3d 1190 (Ala. 2009) (noting that, to punish a defendant for a second or subsequent DUI conviction, the State has the burden of proving at the sentencing hearing that the defendant has prior DUI convictions).

10

2016, the Split Sentence Act "authorize[d] trial courts to split sentences only in cases involving Class A, Class B, Class C, or Class D felonies." Collier, 293 So. 3d at 974 (emphasis added). Following this Court's decision in Collier, the Legislature again amended the Split Sentence Act so that, as of May 31, 2019, the Act expressly authorizes split sentences for misdemeanor convictions, but that amendment does not apply to misdemeanor offenses committed before that date. Davis v. State, [Ms. CR-20-0787, Aug. 5, 2022] ___ So. 3d ___, ___ (Ala. Crim. App. 2022). See M.H. v. State, 6 So. 3d 41, 49 (Ala. Crim. App. 2008) (noting that, "'"[a]s a general rule, a criminal offender must be sentenced pursuant to the statute in effect at the time of the commission of the offense"'" (quoting Zimmerman v. State, 838 So. 2d 404, 406 n.1 (Ala. Crim. App. 2001), quoting in turn 24 C.J.S. Criminal Law § 1462 (1989))); and Holley v. State, 212 So. 3d 967 (Ala. Crim. App. 2014) (examining the legality of the defendant's sentence by reviewing the version of the Split Sentence Act that was in effect at the time of his offense).

In this case, Williams's misdemeanor DUI offense occurred on November 18, 2016, at a time when the Split Sentence Act authorized split sentences for felony convictions only. Thus, the trial court did not

11

have the authority to split Williams's sentence. "The proper remedy for cases in which the trial court had no authority to apply the Split-Sentence Act has been to remand the case to the trial court for that court to remove the split portion of the sentence." Collier, 293 So. 3d at 975. Thus, we remand the case with instructions for the trial court to remove the split portion of Williams's sentence. "To do so, the [trial] court must 'conduct another sentencing hearing and … reconsider the execution of [Williams's] [365-day] sentence.'" Enfinger v. State, 123 So. 3d 535, 538 (Ala. Crim. App. 2012) (quoting Austin v. State, 864 So. 2d 1115, 1119 (Ala. Crim. App. 2003)). "[B]ecause [Williams's] [365-day] sentence was valid, the [trial] court may not change it. The [trial] court, however, has discretion to suspend the [365-day] sentence. See § 15-22-50, Ala. Code 1975." Davis, ___ So. 3d at ___ n.5. We also note that the $500 fine the trial court imposed was less than the statutory minimum of $600 that may be imposed for a first DUI conviction. See § 32-5A-191(e). Pursuant to § 32-5A-191(e), the trial court was not required to impose a fine for Williams's first DUI conviction, but, if the court still desires to do so on remand, it must impose a fine of not less than $600. Due return must be filed with this Court within 42 days of the date of this opinion, and the

12

return to remand must include a transcript of the sentencing hearing and the amended sentencing order.

AFFIRMED AS TO CONVICTION; REVERSED AS TO SENTENCE; AND REMANDED WITH INSTRUCTIONS.

Windom, P.J., and Kellum, Cole, and Minor, JJ., concur.