BOWEN, Presiding Judge.
Charles Edward Wooten was indicted and convicted for trafficking in cannabis. Sentence was three years’ imprisonment and a $25,000 fine. On appeal, Wooten contends that the search warrant was *992 based on information obtained in a previous illegal and warrantless search.
Prior to the obtaining and execution of the search warrant, A.B.C. Agent Harvey Turner had personally observed a large number of marijuana plants growing behind Wooten’s residence.
Turner testified that he received information that there was marijuana growing “up there”. He went out to the area and observed the marijuana. He stated that “(a)ctually, I never did get on Mr. Wooten’s property. I don’t believe. You can stand across the fence and observe the marijuana. I’m not, I’m not even sure I was on his property. I don't think I was.” Turner never did “get in” the plants, he “just observed them from a distance.”
In Oliver v. United States, — U.S.—, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984), the Supreme Court of the United States reaffirmed the rule of Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924), that an individual may not legitimately demand privacy for activities conducted out of doors in fields, except in the area immediately surrounding the home. No expectation of privacy legitimately attaches to open fields. “We conclude, from the text of the Fourth Amendment and from the historical and contemporary understanding of its purposes, that an individual has no legitimate expectation that open fields will remain free from warrant-less intrusion by government officers.” — U.S. — at—, 104 S.Ct. at 1742.
Here, the six different plots of marijuana were not in an area immediately surrounding Wooten’s mobile home and could not be seen from his trailer.
Wooten pled guilty to the indictment charging trafficking after the trial judge denied his motion to suppress. The plea was entered with “the understanding we are not waiving any rights to an appeal concerning the Court’s ruling on the search and seizure.” See Bailey v. State, 375 So.2d 519 (Ala.Cr.App.1979).
A voluntary and intelligent plea of guilty is conclusive as to the defendant’s guilt, constitutes an admission of all facts sufficiently charged in the indictment, and obviates the necessity of proof by the State. Dingler v. State, 408 So.2d 530 (Ala.1981); Ex parte Sankey, 364 So.2d 362 (Ala.1978), cert. denied, 440 U.S. 964, 99 S.Ct. 1513, 59 L.Ed.2d 779 (1979). The plea admits all the elements of the offense. Carr v. State, 406 So.2d 440 (Ala.Cr.App. 1981).
The record shows that the guilty plea was intelligently, knowingly, and voluntarily entered. Wooten does not contend otherwise. He cannot now complain that the State failed to prove that he was in possession of more than 2.2 pounds of marijuana.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.