Christopher Wayne Matthews, the appellant, pleaded guilty to, and was convicted of, robbery in the first degree. He was sentenced to 20 years' imprisonment pursuant to Ala. Code 1975, § 13A-5-6(a)(4), the firearms enhancement provision, which mandates the imposition of a sentence of "not less than 20 years" upon conviction of "a Class A felony in which a firearm or deadly weapon was used or attempted to be used." On this direct appeal from that conviction, the appellant contends that this enhancement provision was inapplicable in his case because, he says, he made a factual showing that he had no intent to use a firearm and that he had no prior knowledge that his three accomplices were either armed or that they intended to use firearms during the commission of the robbery. The appellant admitted that he was aware that his accomplices, who were his cousins, were going to commit a theft at a pawn shop, that he knew his accomplices were armed when they left the pawn shop and got into his waiting automobile, that they gave him a .357 magnum pistol taken from the pawn shop, and that he helped them escape.
The appellant's argument is based on the holding in Ex parteMcCree, 554 So.2d 336, 341 (Ala. 1988):
 "[W]e must construe [§ 13A-5-6] (a)(5) [use of a firearm during the commission of a Class B or Class C felony] to mean that convictions for those underlying felonies that are committed without the intentional use of a deadly weapon do not fall within the category of convictions that invoke the enhancement provision of this statute."
The appellant entered a "best interest" plea of guilty to the offense of robbery in the first degree, which includes as an element being "armed with a deadly weapon or dangerous instrument." Ala. Code 1975, § 13A-8-41(a)(1). Prior to accepting the guilty plea, the trial court informed the appellant that "the minimum sentence if a firearm or deadly weapon was used or attempted to be used is 20 years." R. 6. The appellant told the court:
 "I'm not really sure that I'm guilty of that offense . . . because I didn't exactly know what was going on when [the accomplices] went in the store, you know. I mean, what [was] supposed to have happened was totally different [from what actually happened]. . . . I ain't have [sic] nothing to do with what they went in and did." R. 8. *Page 993 
However, the appellant stated that he believed "it to be in [his] best interest . . . [to] enter a plea of guilty" (R. 8) because the prosecution had "some evidence on [him] that, you know . . . — running in like [he] did the robbery, you know, in the first degree." R. 9.
 " 'The only factual basis required for a guilty plea is that which will satisfy the court that the appellant knows what he is pleading guilty to.' Garner v. State, 455 So.2d 939, 940 (Ala.Cr.App.), cert. denied, 455 So.2d 940 (Ala. 1984). In this case, the appellant clearly understood what he was pleading to, and . . . his plea was voluntarily and intelligently made. Under these circumstances, 'the mere fact that he [now] denie[s] any criminal intent is insufficient to override . . . [the] guilty plea.' Yamada v. State, 426 So.2d [906, 909 (Ala. 1982)]. See also Bowen v. State, 536 So.2d. [168, 169 (Ala.Cr.App. 1988)].
 "Moreover, this issue is essentially an argument that the State failed to prove a necessary element of the offense. As this Court has repeatedly observed in the face of such an argument:
 " ' "A voluntary and intelligent plea of guilty is conclusive as to the defendant's guilt, constitutes an admission of all facts sufficiently charged in the indictment, and obviates the necessity of proof by the State. Dingler v. State, 408 So.2d 530 (Ala. 1981); Ex parte Sankey, 364 So.2d 362 (Ala. 1978), cert. denied, 440 U.S. 964, 99 S.Ct. 1513, 59 L.Ed.2d 779 (1979). The plea admits to all elements of the offense. Carr v. State, 406 So.2d 440
(Ala.Cr.App. 1981)." '
 "Mewbourn v. State, 570 So.2d 805, 812
(Ala.Cr.App. 1990) (quoting Wooten v. State, 455 So.2d 991, 992 (Ala.Cr.App. 1984)) (emphasis added in Mewbourn). Accord Russell v. State, 428 So.2d 131, 134 (Ala. 1982)."
Alderman v. State, 615 So.2d 640, 647 (Ala.Cr.App. 1992).
 "Th[e Alabama Supreme] Court in Russell v. State, 428 So.2d 131, 134 (Ala. 1982), explained the procedure as follows:
 " 'It has long been the law in Alabama that upon entering a plea of guilty, a defendant waives his right to trial and confesses against himself. Hall v. State, 45 Ala. App. 252, 228 So.2d 863 (1969). If voluntarily and understandingly made, a plea of guilty is conclusive as to the defendant's guilt. Knowles v. State, 280 Ala. 406, 194 So.2d 562, cert. denied, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967); Camp v. State, 359 So.2d 1187
(Ala.Crim.App. 1978).
 " 'When a guilty plea is accepted and entered by the court, it "is a conviction of the highest order, and is an admission, of record, of the truth of whatever is sufficiently charged in the indictment." . . . Such a plea serves as a stipulation that no proof need be advanced by the prosecution, except as specifically required by statute, and supplies both evidence and verdict. [Citations omitted.]
 " 'The United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969), held that a guilty plea "is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." ' "
Ex parte Heaton, 542 So.2d 931, 935 (Ala. 1989).
The record on appeal clearly shows that the appellant was advised that being armed with a deadly weapon was an element of the crime charged and that a conviction for use of a deadly weapon during a robbery mandated a minimum sentence of 20 years' imprisonment. Despite the appellant's claim that his only participation was to drive the escape vehicle, the appellant admitted that the state had "some evidence on [him]." R. 9. It is clear from the record that the appellant believed and understood that entering a guilty plea was in his best interest. The record shows that the plea was intelligently, knowingly, and voluntarily entered. Where a defendant "voluntarily and understandingly enter[s] his plea of guilty . . . [i]t . . . becomes conclusive of his guilt." Yamada v.State, 426 So.2d 906, 909 (Ala. 1982). *Page 994 
The appellant's only objection at trial and on appeal is that the enhancement provision contained in Ala. Code 1975, §13A-5-6(a)(4), was inapplicable. As discussed above, the appellant's plea of guilt was an admission of his knowledge and intent to commit armed robbery in the first degree. Having entered a intelligent, knowing, and voluntary guilty plea, this appellant cannot be permitted to impeach that plea by claiming that he did not have the necessary intent. "The fact that a defendant who has knowingly and intelligently pleaded guilty later becomes dissatisfied with the sentence he received does not, alone, constitute a ground for invalidating the guilty plea." State v. Holman, 486 So.2d 500, 503 (Ala. 1986).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.