COBB, Judge.
The appellant, Mylon Orion McDougal, was convicted of robbery in the first degree. He was sentenced to 20 years’ imprisonment, pursuant to § 13A-5-6(a)(4), which provides a minimum sentence of 20 years’ imprisonment upon conviction of a Class A felony if a firearm or deadly weapon was used in the commission of the felony. On direct appeal the appellant raises four issues. The appellant’s contention that he received ineffective assistance of trial counsel warrants remand.
The appellant filed a verified motion for a new trial, alleging that his trial counsel’s performance had been deficient and that that deficient performance had necessarily altered the outcome of his case, and thereby *955 prejudiced him. (C.Supp. 9-12, 22.) The State failed to file a response, and the motion was denied by operation of law. (C.Supp.8.) Allegations such as ineffective assistance of counsel, if true, entitle the petitioner to relief. Ex parte Boatwright, 471 So.2d 1257 (Ala.1985); Garrett v. State, 644 So.2d 977 (Ala.Crim.App.1994). Therefore, the appellant’s claim on the issue of ineffective assistance of counsel is remanded to the trial court for a hearing on the merits. By remanding this case for an evidentiary hearing, this court makes no assertion that the appellant is entitled to a new trial in this matter.
The appellant raises several other issues for review which we have considered and disposed of as follows.
The appellant contends that the trial court erred in denying the appellant’s motion for a new trial and his motion to withdraw his guilty plea. The appellant claims that his guilty plea, entered on February 13, 1995, was not knowingly and voluntarily entered because, he says, it was based upon his mistaken belief that he had been promised leniency if he cooperated with the police. He refers to a notation made on the case action summary by the trial court on December 9, 1994 (C. 4), which states this promise. However, the appellant withdrew the guilty plea he entered under this plea agreement with the State on December 16, 1994, at the sentencing hearing. (C. 1.) This plea bargain, therefore, had no bearing on the guilty plea made by the appellant almost two months later, on February 13, 1995 (C. 7), when the appellant agreed to a plea agreement offering 20 years’ imprisonment (C. 33), based upon a new indictment handed down on February 2,1995. (C. 23.)
The appellant was present at a hearing on February 13, 1995, during which the trial court inquired whether he was familiar with the new indictment. The appellant stated that he was not, so the trial court read the indictment to him verbatim. (C. 26-27.) The appellant then pleaded guilty to the new charge, after acknowledging that the minimum sentence he could receive under the new indictment was 20 years’ imprisonment, which was also the sentence stated in the signed plea agreement dated February 13, 1995. (C. 23, 27.) The appellant’s claim that he pleaded guilty because he believed he would receive preferential treatment for his helping police officers is disingenuous. The original plea bargain was nullified when the appellant withdrew his original guilty plea. On February 13, 1995, the appellant was clearly informed of the minimum sentence he could receive if he pleaded guilty; he stated that he understood that sentence, and he pleaded guilty to all the charges with a full understanding of the consequences.
In a guilty plea proceeding, the trial court must undertake the necessary factual inquiry, must ascertain that the defendant has voluntarily pleaded guilty, and must verify that a factual basis exists for the charges against the defendant. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), mandates that a guilty plea be voluntarily and intelligently entered. Alford v. State, 651 So.2d 1109 (Ala.Crim.App.1994). Once the trial court has properly accepted the defendant’s plea, the trial court has sole discretion in determining whether a defendant should be allowed to withdraw the plea, and the court’s decision will not be disturbed on appeal absent a showing of abuse of discretion. Ex parte Heaton, 542 So.2d 931 (Ala.1989). No abuse of discretion is evident from the record on appeal.
Third, the appellant claims that his due process rights were violated because, he says, he was not notified of the new indictment in this case until he was before the trial court for a hearing. This issue is not preserved for review because no objection was made when the matter was raised before the trial court. Allred v. State, 390 So.2d 1109, 1114 (Ala.Crim.App.), cert. denied, 390 So.2d 1114 (Ala.1980). See also, Phillips v. State, 527 So.2d 154 (Ala.1988). Notably, however, the record reveals that trial counsel knew of the new indictment approximately a week before trial. (R. 26.) Further, a copy of the new indictment was placed in trial counsel’s in-box at the courthouse approximately four days before the scheduled trial date. (C.Supp. 10.)
Finally, the appellant contends that the trial court improperly sentenced him pur *956 suant to the firearm enhancement statute, § 13A-5-6(a)(4), Ala.Code 1975, because, he says, no testimony was elicited to indicate that the appellant had used a weapon during the commission of the robbery, and further, because, he says, the State failed to provide the appellant with pretrial or presentencing notice of its intent to invoke that statute. However, this argument has no merit.
The appellant pleaded guilty to robbery in the first degree as charged in the indictment. The indictment charged the appellant with armed robbery, citing a pistol as the weapon used. (C. 23.) At the guilty plea hearing, the State described for the record the factual basis for the appellant’s indictment. The trial court accepted the facts given by the State without objection from the appellant. The State’s facts included the appellant’s “brandishing” a pistol; the appellant did not refute any part of this recital of the facts. (C. 29-31.)
The Alabama Supreme Court has held that a voluntary and intelligent guilty plea conclusively proves the defendant’s guilt, constitutes an admission of all facts sufficiently charged in the indictment, and “obviates the necessity of proof by the State.” Dingier v. State, 408 So.2d 530, 532 (Ala.1981). See also, Ex parte Sankey, 364 So.2d 362 (Ala. 1978), cert. denied, 440 U.S. 964, 99 S.Ct. 1513, 59 L.Ed.2d 779 (1979); Matthews v. State, 659 So.2d 991 (Ala.CrimApp.1994) (the plea admits to all elements of the offense.) The appellant thus admitted to facts that would invoke § 13A-5-6(a)(4), Ala.Code 1975.
Further, the appellant cites Garrett v. State, 611 So.2d 493 (Ala.Crim.App.1992), to support his position that he was entitled to pretrial and presentencing notice of the State’s intention to invoke that enhancement. The Garrett court’s position is that a defendant must be informed of the maximum and minimum possible sentences as an absolute prerequisite to the acceptance of a guilty plea. The appellant in Garrett received no notice of the State’s intent to invoke the enhancement and was incorrectly informed of the maximum and minimum sentences by the trial court just before he pleaded guilty. The appellant in this case was informed by the trial court of the proper minimum and maximum sentences before the court accepted his plea, and the court explained the firearm enhancement provision to the appellant. (C. 25, 28.) The appellant clearly understood that the minimum sentence would be 20 years’ imprisonment. (R. 25, 28.) Further, the written plea agreement between the State and the appellant set out the minimum sentence. (C. 33.) Therefore, the State did notify the appellant of its intent to invoke § 13A-5-6(a)(4), Ala.Code 1975, before the appellant pleaded guilty to the offense as charged in the indictment. The appellant’s guilty plea was voluntarily and knowingly entered.
For the foregoing reasons, this case is remanded to the trial court for proceedings consistent with this opinion. Return to remand with this court will be made within 70 days of the date of this opinion. As otherwise noted, the judgment of the trial court is affirmed.
REMANDED WITH DIRECTIONS.*
All the Judges concur.

 Note from the Reporter of Decisions: On September 27, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion, and on December 20, 1996, that court denied rehearing, without opinion.