710 So.2d 1357 (1996)
William Crocker CULP, Sr., and William Crocker Culp, Jr.
v.
STATE.
CR-95-1622.
Court of Criminal Appeals of Alabama.
November 1, 1996.
Opinion on Return to Remand August 22, 1997.
Rehearing Denied October 17, 1997.
*1358 Mayer Perloff, Mobile, for appellants.
Jeff Sessions, atty. gen., and Melissa G. Math, asst. atty. gen., for appellee.
Jeff Sessions and Bill Pryor, attys. gen., and Melissa G. Math, asst. atty. gen., for appellee (on remand).
COBB, Judge.
William Crocker Culp, Sr., and William Crocker Culp, Jr., entered guilty pleas and were adjudged guilty of selling unregistered securities, a violation of § 8-6-4, Ala.Code 1975. In accordance with their plea agreements, the trial court found William Crocker Culp, Jr., guilty of two counts and William Crocker Culp, Sr., guilty of one count and nol-prossed the remaining cases. Their sentences included payment of $275,624.32 in restitution, from which they were jointly and severally liable. The appellants challenge the restitution portion of their sentence on appeal.
At the restitution hearing the appellants admitted that the total economic loss to their victims was $275,624.32. The appellants argued at the hearing that the amount they have to pay in restitution should be less than that amount because, they say, they do not have the financial capability to pay the full amount. After hearing testimony concerning the appellants earning capacities, the trial court ordered each appellant to pay $600 a month toward the ordered restitution of $275,624.32. The appellants have raised four issues on appeal.

I.
The appellants contend that the restitution orders entered by the court do not comply with § 15-18-69, Code of Alabama 1975, which requires the court to state in its restitution order its findings and the underlying facts and circumstances on which those findings are based. A review of the orders reveals that the trial court has not complied with § 15-18-69. Each restitution order states "Restitution is set at $275,624.32. Defendant ordered to pay $600.00 per month." C.R. 4, 8. Therefore, this case must be remanded so that the trial court can enter an order in compliance with § 15-18-69. See also Moore v. State, 706 So.2d 265 (Ala.Cr. App.1996).

*1359 II.
The appellants contend that the trial court erred in ordering the appellants to pay restitution without any evidence that the economic loss that formed the basis of the restitution was caused by the criminal acts of the appellants. The appellants also contend that the trial court erred in awarding restitution without the presentation of legal evidence of the precise damage claimed. These contentions were not raised in the appellants motions for reconsideration of restitution or at the hearing on these motions. The appellants argument below was that they could not afford to pay the amount of restitution ordered. The argument advanced below was that "there's just no way in this lifetime that these two men can pay that amount of money." R. 9. "The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Ex parte Frith, 526 So.2d 880, 882 (Ala.1987). Furthermore, regarding the argument that no evidence was offered tending to prove that the damage for which restitution was sought was caused by the criminal acts of the appellants, we note that the appellants entered negotiated guilty pleas. "If voluntarily and understandingly made, a plea of guilty is conclusive as to the defendant's guilt." Matthews v. State, 659 So.2d 991 (Ala.Cr.App. 1994). The appellants incorrectly contend that the trial court erred in awarding restitution without legal evidence of the precise damage claimed. The prosecutor submitted a list containing the name of each victim and the amount each was owed and the appellants conceded at the restitution hearing that $275,624.32 was the total economic loss suffered by the victims. R. 9. Consequently, this issue is without merit.

III.
The appellants contend that the trial court erred in ordering that the restitution be paid in monthly installments that allegedly exceed the appellants ability to pay. The appellants argue:
"To require [William Crocker Culp, Sr.] to pay $600.00 a month out of a gross monthly income of $659.00 and [William Crocker Culp, Jr.] to pay $600.00 a month out of a gross monthly income of $2000.00, which is further reduced by the repayment of the IRS lien, cannot be characterized as other than clear and flagrant abuse of discretion as required by Clare v. State, 456 So.2d 355 (Ala.Cr.App.1983), aff'd. 456 So.2d 357 (Ala.1984). The trial court must have realized that this was an impossible burden when in response to [Culp, Sr.'s] attorney's statement to the court that the amount he was ordered to pay was all of his income and the court replied `My suggestion to him is to be real nice to his wife.'"
Appellant's brief at page 11.
We follow and quote below our reasoning in Moore v. State, 706 So.2d 265 (Ala. Cr.App.1996), regarding an appellant's ability to pay the monthly installments ordered as restitution:
"This court must have, on the record, the trial court's specific findings and the specific underlying facts and circumstances thereof that led the trial court to grant restitution as to each claimfacts deduced from legal evidence that support the trial court's finding that each amount awarded is for (1) damages recoverable under the Alabama Restitution to Victims of Crimes Act and (2) that were proximately caused by Moore's criminal activity. Similarly, we need an explanation on the record of why the trial court ordered monthly payments of $ 2000 when the record before this court shows that that amount would clearly exceed Moore's financial ability. We find that the record needs to be supplemented before we can determine whether the trial court abused its discretion in the amount and manner of restitution."
706 So.2d at 268-69. (Emphasis added).
We will not consider this issue until the restitution order is modified to comply with § 15-18-69.
This case is remanded for the trial court to enter a restitution order that complies with § 15-18-69, and also explains on what basis the trial court ordered monthly payments *1360 from each appellant of $600. The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.

ON RETURN TO REMAND
COBB, Judge.
On November 1, 1996, we remanded this case with instructions to the trial court to enter a restitution order that complied with § 15-18-69, Ala.Code 1975. We also stated that, upon receipt of the restitution order, we would determine whether the trial court erred in ordering each appellant to pay restitution in installments of $600 per month. The appellants contended on appeal that the trial court had erred in ordering them to pay restitution in installments of $600 per month because, according to the appellants, that sum vastly exceeds their ability to pay.
In accordance with our remand order, the trial court has provided a revocation order that complies with § 15-18-69. The order explains why the court ordered payment of $600 per month from each appellant. The order gives the following reasons: It is without dispute that the appellants owe a total of $ 275,624.32 to 29 victims as a result of securities fraud. Culp, Sr., is currently unemployed and draws Social Security in the amount of $659 per month. He is married and shares a home with his wife. His wife works for the University of South Alabama and earns approximately $50,000 per year. Culp, Sr., admitted that his wife helps to support him. Based upon this testimony, the court concluded that Culp, Sr., is able, at this time, to make a monthly restitution payment of $600 per month. Remandment Transcript at 17. Culp, Jr., is employed at Burch-Lowe, Incorporated, and earns $2000 per month. He is married, and his wife earns approximately $42,000 per year. Based upon this testimony, the trial court found that Culp, Jr., is capable of making monthly restitution payments in the amount of $600 per month. Remand Transcript at 18.
We find no error in the trial court's findings. Rule 26.11, Ala.R.Crim.P., states:
"(a) Imposition of Restitution. Restitution should be ordered in all cases where a victim has been injured or damaged. The financial resources and obligations of the defendant and the burden that payment of restitution will impose should be considered in determining how much restitution is to be paid or collected, i.e., whether to be paid by installments and what length of time should be given for payment."
Section 15-18-68, Ala.Code 1975 provides:
"In determining the manner, method or amount of restitution to be ordered the court may take into consideration the following:
"(1) The financial resources of the defendant and the victim and the burden that the manner or method of restitution will impose upon the victim or the defendant;
"(2) The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court;
"(3) The anticipated rehabilitative effect on the defendant regarding the manner of restitution or the method of payment;
"(4) Any burden or hardship upon the victim as a direct or indirect result of the defendant's criminal acts;
"(5) The mental, physical and financial well being of the victim."
Moore v. State, 706 So.2d 265 (Ala.Cr. App.1996), involved an order of restitution. In reciting the facts in that case we noted the combined monthly income of Moore and his wife, and their combined monthly living expenses. We then noted in a footnote that, "Mr. Moore's monthly income is $1600. This is relevant because the restitution order is only binding on him as his wife was not indicted or convicted." 706 So.2d at 273. We are now persuaded that the "financial resources of the defendant" can include aid or support from a spouse, even though the restitution order is not binding on a spouse. See United States v. Helton, 975 F.2d 430 (7th Cir.1992) (In ordering restitution the court considered a presentence report that reflected that, "Helton's wife is employed as *1361 a speech and language therapist by a special education school district. Shortly after the revelation of Helton's crimes in the instant case, she filed for divorce to protect her financial assets. Nevertheless, the report indicates that she remains supportive of Helton."); State v. Stueben, 240 Neb. 170, 481 N.W.2d 178 (1992) ("The court's consideration of an anticipated tax refund to the Stuebens and of Mrs. Stueben's financial contributions to the family's needs was not improper. The tax refund is a financial resource, and Mrs. Stueben's financial contributions alleviate appellant's financial and legal obligations. Thus, both are relevant to appellant's ability to pay restitution. We affirm the court's order of restitution."); Commonwealth v. Yanoff, 456 Pa.Super. 222, 690 A.2d 260 (1997) ("We note that even though the report indicated that appellant did not possess any assets, appellant does not have to render restitution payments from his current earnings. We conclude that, because appellant has had a long employment history which establishes his ability to acquire employment, along with his spouse's ability to secure a nursing position, the restitution award was not excessive."); People v. Stewart, 926 P.2d 105 (Colo.App.1996) (at the restitution hearing, "the defendant testified regarding his household income including his wife's income, his earning expectancy, and his living expenses"); but see, Anthony v. State, 574 So.2d 266 (Fla. 1st Dist.Ct.App. 1991) ("Trial court erred in considering appellant's husband's income and expenses in determining appellant's ability to pay restitution. According to statutory and case law, the trial court is required to determine a defendant's ability to pay both before ordering restitution... and before revoking probation for failure to pay restitution imposed as a condition thereof.").
If the appellants' financial conditions change, the trial court can adjust the monthly payment obligations to so reflect to the change. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) (court cannot automatically revoke probation just because a probationer is unable to pay).
Having previously decided all other issues raised on appeal adversely to the appellants, and now determining that the monthly installment payments are proper, we conclude that the judgment of the trial court in all respects is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.