785 So.2d 385 (1998)
W.D.J.
v.
STATE.
CR-97-0726.
Court of Criminal Appeals of Alabama.
September 11, 1998.
*386 Harold Arnold Koons III, Bay Minette, for appellant.
Bill Pryor, atty. gen., and Hense R. Ellis II, asst. atty. gen., for appellee.
McMILLAN, Judge.
The appellant, W.D.J., pleaded guilty as a youthful offender to first-degree assault under § 13A-6-20(a)(5), Ala.Code 1975. Section 13A-6-20(a)(5) provides that a person commits the offense of first-degree assault if "[w]hile driving under the influence of alcohol or a controlled substance or any combination thereof in violation of Section 32-5A-191 he causes serious bodily injury to the person of another with a motor vehicle." He was sentenced to three years' probation and to three years *387 in "boot camp." After a restitution hearing, he was ordered to pay $100 and $100,308.67 in restitution.

I.
The appellant argues that the trial court abused its discretion by awarding restitution to the victim, who the appellant argues, was a participant in his criminal activity. Section 15-18-67, Ala.Code 1975, provides:
"When a defendant is convicted of a criminal activity or conduct which has resulted in pecuniary damages or loss to a victim, the court shall hold a hearing to determine the amount or type of restitution due the victim or victims of such defendant's criminal acts. Such restitution hearings shall be held as a matter of course and in addition to any other sentence which it may impose, the court shall order that the defendant make restitution or otherwise compensate such victim for any pecuniary damages."
"Victim" for purposes of restitution is defined in § 15-18-66(4) as:
"Any person [who] the court determines has suffered a direct or indirect pecuniary damage as a result of the defendant's criminal activities. `Victim' shall not include any participant in the defendant's criminal activities."

(Emphasis added.) According to the appellant, the victim of his alleged assault could not receive restitution because he was a participant in the criminal activities leading to his own injury, and was not, therefore, a "victim" as that term is defined for purposes of restitution.
The evidence at the restitution hearing tended to show the following. The appellant, who was 16 years old at the time of the accident, was driving a vehicle while consuming alcoholic beverages. The victim, William McKinley, who was then 21 years old, was riding in the passenger seat, and was also drinking alcoholic beverages. According to the appellant, it was raining, and as he was driving around a curve, he slammed on his brakes to avoid hitting a deer; when he did so his wheels locked up and his car slid off the road. McKinley was seriously injuredas a result of the injuries he sustained he will be confined to a wheelchair for the rest of his life and he has incurred medical bills in the amount of $100,308.67.
The appellant argues that McKinley was ineligible for restitution because he was a willing participant in the criminal activities leading to his injuries and was therefore not a "victim" as that term is defined at § 15-18-66(4). The appellant argues that McKinley should have been prosecuted for providing alcohol to a person under the age of 21 years old, in violation of § 28-3A-25(a)(3), Ala.Code 1975, or of contributing to the delinquency of a minor, in violation of § 12-15-13, Ala.Code 1975, and that he was, therefore, disqualified from receiving restitution.
The appellant filed a postconviction motion asking the trial court to set aside its order of restitution. The State noted that in this motion the appellant appeared to be arguing the facts of the case. However, a restitution hearing is not a trial of the facts but rather is a hearing to determine the amount of compensable damages due to a victim. The State further argued that the appellant had pleaded guilty and, as the driver of the automobile, he alone was guilty of the offense; moreover, the State noted that the victim had been charged with no crime and that the intent of § 15-18-65, Ala.Code 1975, was clear. Following the State's response, the trial court denied the appellant's motion.
By pleading guilty, the appellant waived his right to argue that the evidence indicated that the victim was an accomplice. *388 In Culp v. State, 710 So.2d 1357 (Ala.Cr. App.1996), the appellants had argued that they were improperly ordered to pay restitution without any evidence that the loss suffered by the victim was caused by the criminal acts of the appellants. In determining that the appellants' argument was due to be rejected, this Court stated:
"[R]egarding the argument that no evidence was offered tending to prove that the damage for which restitution was sought was caused by the criminal acts of the appellants, we note that the appellants entered negotiated guilty pleas. `If voluntarily and understandingly made, a plea of guilty is conclusive as to the defendant's guilt.' Matthews v. State, 659 So.2d 991 (Ala.Cr.App.1994)."
710 So.2d at 1359.
Therefore, the appellant waived the argument when he entered his guilty plea.

II.
The appellant also argues that the trial judge's award of restitution to McKinley was error because, he says, McKinley was contributorily negligent. The appellant argues that the civil law doctrine of contributory negligence, barring recovery for injuries resulting at least in part due to one's own fault, applies in restitution proceedings. Section 15-18-67, Ala.Code 1975, provides that during a restitution hearing, "the court shall order that the defendant make restitution or otherwise compensate such victim for any pecuniary damages." Section 15-18-66(2) defines "pecuniary damages" as:
"[a]ll special damages which a person shall recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities; the term shall include but not be limited to the money or other equivalent of property taken, broken, destroyed, or otherwise used or harmed and losses such as travel, medical, dental or burial expenses and wages including but not limited to wages lost as a result of court appearances."
According to the appellant, the use of the phrase "shall recover against the defendant in a civil action" within the definition of pecuniary damages requires the application of civil law defenses, such as contributory negligence, when determining whether restitution should be awarded.
A restitution hearing, however, is not a civil proceeding. Rice v. State, 491 So.2d 1049, 1052 (Ala.Cr.App.1986). In a civil proceeding a jury determines the relevant factual issues to decide the ultimate issue of the amount of any recovery. However, a criminal defendant has no right to have a jury determine whether and how much restitution is recoverable. Id. at 1052-53. In a restitution proceeding, the sentencing judge has wide discretion in determining the amount of restitution. Clare v. State, 456 So.2d 355, 356 (Ala.Cr.App.1983). In fact, § 15-18-68, Ala.Code 1975, lists the following considerations for the sentencing judge in determining "the manner, method, or amount of restitution to be ordered":
"(1) The financial resources of the defendant and the victim and the burden that the manner or method of restitution will impose upon the victim or the defendant;
"(2) The ability of the defendant to pay restitution on an installment basis or on the other conditions to be fixed by the court;
"(3) The anticipated rehabilitative effect on the defendant regarding the manner of restitution or the method of payment;
"(4) Any burden or hardship upon the victim as a direct or indirect result of the defendant's criminal acts;

*389 "(5) The mental, physical and financial well being of the victim."
These factors show the discretion given to the sentencing judge to weigh several factors other than applying civil law principles when determining the amount of restitution; the process of determining restitution is a different process from a jury's determining liability in a civil action. Absent a clear and flagrant abuse of discretion, we will not overturn a trial judge's award of restitution. Clare, 456 So.2d at 356. In the present case, the only evidence that McKinley was contributorily negligent was his allegedly drinking beer out of the same bag as the appellant while a passenger in the vehicle the appellant was driving. Finding that such evidence does not show contributory negligence does not amount to an abuse of discretion.

III.
The appellant finally argues that the sentencing judge erred by awarding restitution without stating his findings of fact and the underlying circumstances requiring the award. Section 15-18-69, Ala. Code 1975, provides:
"At ... restitution hearings, the defendant, the victim, the district attorney, or other interested party may object to the imposition, amount, or distribution of restitution or the manner or method thereof and the court shall allow all such objections to be heard and preserved as a matter of record. The court shall thereafter enter its order upon the record stating its findings and the underlying facts and circumstances thereof."
We have previously remanded cases because the sentencing judge failed to state his or her findings of fact in the order of restitution. See, e.g., Culp v. State, 710 So.2d 1357, 1358 (Ala.Cr.App.1997), and Moore v. State, 706 So.2d 265 (Ala.Cr.App. 1996).
The appellant, however, has not preserved his complete argument on appeal. Although he argues on appeal that the sentencing judge generally failed to state any findings of fact, his argument before the sentencing judge was much more specific. This argument was as follows:
"The Defendant now avers that it is error for this Court to order restitution without making specific findings of facts as to the Defendant's ability to pay and to order such sizeable restitution to be paid without stating a method of payment in its Order."
In Click v. State, 695 So.2d 209, 224 (Ala. Cr.App.1996), this Court stated:
"[T]he statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not specified at trial."
Because the appellant specifically objected only to the court's failure to make findings of fact as to the appellant's ability to pay, the sentencing judge was not put on notice that any further findings of fact were required. Therefore, this case is remanded so that the court below can state specific findings of fact regarding the appellant's ability to pay. Due return shall be made to this Court no later than 42 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.[*]
*390 LONG, P.J., and COBB and BROWN, JJ., concur.
BASCHAB, J., recuses herself.
NOTES
[*] Note from the reporter of decisions: On February 5, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 26, 1999, that court denied rehearing, without opinion. On May 12, 2000, the Supreme Court granted certiorari review and REVERSED AND REMANDED (1981115). On September 1, 2000, the Supreme Court denied rehearing, without opinion.