KELLUM, Judge.
The appellant, Michael Williamson McNair, appeals from the Madison Circuit Court’s revocation of his probation. In April 2012, McNair pleaded guilty to robbery in the first degree, a violation of § 13A — 8—41, Ala.Code 1975. The circuit court sentenced McNair to 10 years’ imprisonment, split' to time served followed *1180 by 3 years’ supervised probation. The circuit court ordered McNair to pay a $500 fíne, $100 to the crime victims’ compensation fund, and court costs.
While on probation, McNair violated the terms and conditions of his probation by being arrested for unlawful possession of a firearm. McNair also violated the terms and conditions of his probation by failing to pay court-ordered moneys and probation-supervision fees. On January 16, 2014, the circuit court conducted a probation-revocation hearing. At the hearing, McNair admitted to failing to pay his probation-supervision fees but denied the remaining charges. Thereafter, the circuit court considered the testimony of McNair’s probation officers and McNair regarding the remaining charges. Based on the evidence presented, the circuit, court entered an order revoking McNair’s probation and ordered McNair to serve the balance of his 10-year sentence in the custody of the Alabama Department of Corrections. This appeal followed.
McNair’s sole contention on appeal is that the circuit court erred in revoking his probation because, he argues, the underlying 10-year sentence was illegal. Citing this Court’s decision in Enfinger v. State, 123 So.3d 535 (Ala.Crim.App.2012), McNair contends that, based on the illegal sentence he received, the circuit court was without jurisdiction to revoke his probation.
Initially, we note that, although the legality of McNair’s sentence was not first, argued in the circuit court, we have held that “[mjatters concerning unauthorized sentences are jurisdictional.” Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994). Thus, this Court may take notice of an illegal sentence at any time. See, e.g., McCall v. State, 794 So.2d 1243 (Ala.Crim.App.2000); Pender v. State, 740 So.2d 482, 484 (Ala.Crim.App.1999).
The record indicates that McNair was indicted by a Madison County grand jury for two counts of robbery in the first degree. Pursuant to a negotiated plea agreement, McNair pleaded guilty to one count in the indictment that stated as follows:
“The Grand Jury of said County charge, that before the finding of this Indictment, MICHAEL WILLIAMSON MCNAIR, whose name is unknown to the Grand Jury other than as stated, did, in the course of committing a theft of, to-wit: approximately $300.00 lawful currency of the United States, a further description of which amount and denomination being otherwise unknown to the Grand Jury, the property of, to wit: Jitend Patel, threaten the imminent use of force against the person of, to wit: Jitend Patel, with the intent to compel acquiescence to the taking of or escaping with the said property, while the said MICHAEL WILLIAMSON MCNAIR, whose name is unknown to the Grand Jury other than as stated, was armed with a deadly weapon or dangerous instrument, to-wit: a knife and/or pepper spray, in violation of Section 13A-8-41 of the CODE OF ALABAMA, against the peace and dignity of the State of Alabama.”
(C. 19; capitalization in original.) In addition to the State’s agreeing to nol-pros one count of the indictment against McNair, the plea agreement included, among other things, a recommendation that McNair receive a 10-year sentence, suspended to time served followed by 3 years’ supervised probation. The circuit court followed the recommendation made by the State and sentenced McNair accordingly.
Robbery in the first degree is a Class A felony. § 13A-8-41(c), Ala.Code 1975. *1181 Section 13A-5-6, Ala.Code 1975, provides, in pertinent part:
“(a) Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:
“(1) For a Class A felony, for life or ■ not more than 99 years or less than 10 years.
“(4) For a Class A felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony ... not less than 20 years.”
(Emphasis added.) A “deadly weapon” is defined as a “firearm or anything manifestly designed, made, or adapted for the purposes of inflicting death or serious physical injury. The term includes, but is not limited to, ... a switch-blade knife, gravity knife, stiletto, sword, or dagger.” § 13A-l-2(7), Ala.Code 1975.
This Court has held that the imposition of the sentence enhancement in § 13A-5-6(a)(4) is mandatory. See Love v. State, 681 So.2d 1108 (Ala.Crim.App.l996)(re-manding case for trial court to impose mandatory firearm enhancement); Simmons v. State, 675 So.2d 79, 81 (Ala.Crim.App.1995) (holding that the application of the firearm-enhancement statute is mandatory and that “[t]he court has no choice but to obey this statute when a firearm is used to commit a felony”); and Clency v. State, ' 475 So.2d 642 (Ala.Crim.App.l985)(holding that § 13A-5-6(a)(4) is mandatory and that the court has no choice but to impose a sentence under this section, if applicable).
In McDougal v. State, 689 So.2d 953 (Ala.Crim.App.1996), McDougal pleaded guilty to robbery in the first degree and was sentenced to 20 years’ imprisonment pursuant to § 13A-5-6(a)(4). On appeal, McDougal argued that the trial court had improperly sentenced him pursuant to § 13A-5-6(a)(4) because the State had elicited no testimony to indicate that McDougal had used a weapon during the commission of the robbery. Finding McDougal’s argument to be without merit, this Court stated:
“The appellant pleaded guilty to robbery in the first degree as charged in the indictment. The indictment charged the appellant with armed robbery, citing a pistol as the weapon used....
“The Alabama Supreme Court has held that a voluntary and intelligent guilty plea conclusively proves the defendant’s guilt, constitutes an admission of all facts sufficiently charged in the indictment, and ‘obviates the necessity of proof by the State.’ Dingier v. State, 408 So.2d 530, 532 (Ala.1981). See also, Ex parte Sanlcey, 364 So.2d 362 (Ala.1978), cert. denied, 440 U.S. 964, 99 S.Ct. 1513, 59 L.Ed.2d 779 (1979); Matthews v. State, 659 So.2d 991 (Ala.Crim.App.1994) (the plea admits to all elements of the offense.) The appellant thus admitted to facts that would invoke § 13A-5-6(a)(4), Ala.Code 1975.”
McDougal, 689 So.2d at 956.
In the instant case, as in McDou-gal, McNair pleaded guilty to the charge set forth in the indictment. The indictment stated that McNair “was armed with a deadly weapon or dangerous instrument, to -wit: a knife and/or pepper spray, in violation of Section 13A-8-41.” (C. 19.) Therefore, the imposition of the enhancement provision in § 13A-5-6(a)(4) was mandatory. Because the circuit court did not impose the sentence mandated in § 13A-5-6(a)(4), McNair’s 10-year sentence is not authorized by law. See, e.g., Little v. State, 129 So.3d 312, 313 (Ala. Crim.App.2012) (Little pleaded guilty to first-degree possession of marijuana and *1182 was sentenced in accordance with his plea agreement to 20 years’ imprisonment, which sentence was suspended in its entirety. Although the statutory minimum term of imprisonment was 15 years, this Court held that the circuit court’s imposition of a 20-year sentence, which was suspended in its entirety, was illegal.).
In Enfinger v. State, 123 So.3d 535 (Ala.Crim.App.2012), this Court addressed the effect of a probation revocation following the imposition of an illegal sentence. In Enfinger, we held that the trial court did not have the authority under the Split Sentence Act to impose on Enfinger a term of probation and that, likewise, the trial court had no authority to conduct a probation-revocation hearing and to revoke Enfinger’s probation. 123 So.3d at 538. Since our decision in Enfinger, this Court has extended the holding in Enfinger to those cases in which the trial court, under § 15-22-50, Ala.Code 1975, sentences an offender to a term of imprisonment greater than 15 years, suspends that sentence and places the offender on probation, and thereafter revokes the offender’s probation'. See Scott v. State, 148 So.3d 458 (Ala.Crim.App.2013); Ádams v. State, 141 So.3d 510 (Ala.Crim.App.2013); and Mewbom v. State, [Ms. CR-12-2007, June 13, 2014] — So.3d-(Ala.Crim.App.2014).
In this case, like in Enfinger, Scott, Adams, and Mewbom, the circuit court imposed an illegal sentence that resulted in McNair’s serving a term of probation over which the circuit court had no jurisdiction. “[McNair’s] sentence is illegal and the circuit court was without jurisdiction to revoke [McNair’s] probation, see Enfinger; because the circuit court did not have the authority to revoke [McNair’s] probation, the circuit court’s order to do so was without effect.” Scott, 148 So.3d at 461.
Accordingly, the judgment of the circuit court sentencing McNair to 10 years’ imprisonment is reversed, and this case is remanded to the circuit court for proceedings consistent with this opinion — including resentencing McNair and addressing any subsequent issues that might arise relating to the voluntariness of McNair’s guilty plea.
REVERSED AND REMANDED.
WELCH, BURKE, and JOINER, JJ., concur.
WINDOM, P.J., dissents.