The appellant, Charles Hoyt Hunt, was charged in a four-count indictment with theft of property in the first degree in violation of § 13A-8-3, Code of Alabama 1975; kidnapping in the first degree in violation of § 13A-6-43, Code of Alabama 1975; rape in the first degree in violation of § 13A-6-61; and sodomy in the first degree in violation of § 13A-6-63. In accordance with a plea agreement, the appellant pleaded guilty to theft in the first degree and kidnapping in the second degree, and the state dismissed the charges of rape and sodomy. The appellant was sentenced to 20 years' imprisonment on his conviction for theft and to 20 years on his conviction for kidnapping. The court ordered the appellant to complete a sex abuse program at the Bullock County Facility for the Treatment of Sex Offenders during his incarceration.
The appellant contends that his sentence is not authorized by law. He does not dispute the fact that a sentence of 20 years' imprisonment for each conviction is legal; he contends that the court cannot order him to complete a sex abuse program because he was not convicted of a sex crime. He also contends that because he was not informed that, as part of his sentence, he could be ordered to complete the sex abuse program, his plea was not entered knowingly and voluntarily.
The state argues in its brief that the appellant's contention — that his sentence is not authorized — was not preserved for appellate review. Matters concerning unauthorized sentences are jurisdictional and, therefore, can be reviewed even if they have not been preserved. Jones v. State, 585 So.2d 180, 181
(Ala.Cr.App. 1991). In Ex parte Brannon, 547 So.2d 68
(Ala. 1989), this court held that "when a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review." 547 So.2d at 68.
The state also argues that the appellant's contention that he did not voluntarily enter his plea was likewise not preserved. Matters concerning the voluntariness of a guilty plea do not require preservation to merit appellate review. Gordon v.Nagle, 647 So.2d 91 (Ala. 1994).
" 'Sentence' means the pronouncement by the court of the penalty imposed upon the defendant after a judgment of guilty." Rule 26.1(a)(2), Ala.R.Crim.P. The appellant pleaded guilty to theft and kidnapping and received the maximum sentence authorized by law for each of these convictions. § 13A-5-6, Code of Alabama 1975. Additionally the appellant was ordered to complete a sex abuse program. The appellant's convictions, however, were not sex related. The sodomy and rape charges against *Page 1000 
the appellant were dismissed. The trial court's order that the appellant complete a sex abuse program was not a punishment for any crime for which he was convicted but was instead a punishment related to the charges that were dismissed. Therefore, the court's sentence exceeded that authorized by law. It is elemental that a defendant may be punished only for those crimes of which he is convicted.
Although the appellant could not be ordered to complete a sex abuse program, the appellant could have agreed to participate in such a program as part of the plea agreement. The record, however, does not reflect whether the appellant's completion of the sex abuse program was made a basis of the plea agreement in exchange for the dismissal of the rape and sodomy charges.
Further, we note that a defendant who participates in the sex abuse program offered at the Bullock County Facility for the Treatment of Sex Offenders must admit his guilt of a sex crime as part of the treatment. See Holt v. State, 628 So.2d 1038
(Ala.Cr.App. 1993). Here, the appellant not only denies that he committed a sex crime — he was not convicted of a sex crime. Although the record reflects that the state dismissed the rape and sodomy charges against the appellant, the record does not reflect whether the state agreed not to reinstate those charges if he admitted committing the sex crimes as a prerequisite to being accepted into the sex abuse program.
Thus, this case is remanded to the Circuit Court for Elmore County for it to determine whether the appellant knowingly agreed to complete a sex abuse program as part of his plea agreement with the state. If the court determines that the appellant did not knowingly agree to complete a sex abuse program at the time he pleaded guilty, then the court must allow the appellant the opportunity to withdraw his plea. If, however, the appellant does choose to withdraw his plea, he faces prosecution and possibly conviction on all four original charges.
The court should file its findings with this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* On return to remand, the court on March 3, 1995, dismissed the appeal, without opinion.