In a separate unpublished memorandum, we are today affirming Demetrius McCall's convictions for escape in the third degree, see § 13A-10-33, Ala. Code 1975, and for resisting arrest, see §13A-10-41, Ala. Code 1975. However, because we find that McCall's one-year sentence for resisting arrest exceeds the maximum authorized by law, we must remand this cause to the trial court for resentencing. *Page 1244 
"Matters concerning unauthorized sentences are jurisdictional," Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App. 1994); therefore, we may take notice of an illegal sentence even though McCall did not raise the issue in the trial court or in his brief on appeal. See, e.g., Pender v. State, 740 So.2d 482
(Ala.Crim.App. 1999). Resisting arrest is a Class B misdemeanor, see § 13A-10-41(b), Ala. Code 1975, punishable by a term of imprisonment of "not more than six months." § 13A-5-7(a)(2), Ala. Code 1975. Because McCall was sentenced to one year's imprisonment for resisting arrest, his sentence exceeds the maximum authorized by law; it is, therefore, void. See, e.g.,Ferguson v. State, 565 So.2d 1172, 1173 (Ala.Crim.App. 1990) ("When the court imposes a sentence in excess of that authorized by statute, it exceeds its jurisdiction, and the sentence is consequently void.").
Accordingly, we remand this cause to the trial court with directions for that court to resentence McCall for resisting arrest in accordance with § 13A-5-7, Ala. Code 1975. Due return should be filed with this court no later than 28 days from the date of this opinion.
AFFIRMED BY MEMORANDUM AS TO CONVICTIONS*; REMANDED WITH DIRECTIONS AS TO SENTENCING.**
McMillan, Cobb, Baschab, and Fry, JJ., concur.
* Note from the reporter of decisions: This case will also appear on a table of decisions without opinions.
** Note from the reporter of decisions: On March 23, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion.