On Return to Remand

JOINER, Judge.
Donald Leslie Enfinger appeals the circuit court’s decision to revoke his probation. Enfinger, as a result of a “plea bargain” (C. 8), pleaded guilty to sexual abuse of a child under 12, see § 13A-6-69.1, Ala.Code 1975. The circuit court sentenced Enfinger, as an habitual felony offender, to 20 years’ imprisonment; that sentence was split, and Enfinger was ordered to serve “time served in the custody of the Sheriff of Baldwin County, Alabama,” followed by 3 years’ supervised probation.[1] (Record on Return to Remand, C. 13-15.) Additionally, the circuit court ordered Enfinger to pay a $500 fine, a $100 crime-victims-compensation assessment, an attorney’s fee, court costs, and restitution.
On November 17, 2011, the circuit court conducted a probation-revocation hearing at which the following evidence was presented: On February 9, 2009, Enfinger, who was 70 years old and homeless, pleaded guilty to sexual abuse of a child under 12, was sentenced, and was placed on probation. Because Enfinger was a homeless sex offender and had no permanent address, he was not immediately released from jail. When a “new statute” was enacted that allowed the release of homeless sex offenders who could not provide a fixed address, Enfinger was released from jail and was told that he “had three days to come back in that time frame upon his release ... to register the appropriate paperwork with [the Baldwin County Sheriffs Office] for all of his registration.” (R. 5.) When Enfinger was released, the Baldwin County Sheriffs Office was aware that he was “going to a prohibited area ... [b]ut the law [gave] him an opportunity in that three-day period to get his affairs in order.” (R. 5.) At the end of the three-day period, Enfinger failed to register an appropriate address, and a warrant was issued for his arrest. Six days after Enfinger’s release from jail, Deputy Chris Frank, of the Baldwin County Sheriffs Department Offender Compliance Unit, arrested Enfinger in a hospital in Fairhope. Following a hearing at which the State presented testimony, the circuit court entered a written order revoking Enfinger’s probation. This appeal followed.
On appeal, Enfinger’s appointed counsel filed a “no-merit” brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a motion to withdraw. On January 13, 2012, this Court issued an order affording Enfinger an opportunity to present pro se issues to his counsel and to this Court. Enfinger, however, failed to do so.
Reviewing the record in this case pursuant to Anders, however, we noticed a potentially meritorious issue with regard to Enfinger’s sentence that warranted further briefing: specifically, whether the sentence imposed by the circuit court — 20 years’ imprisonment, split to serve “time served in the custody of the Sheriff of Baldwin County, Alabama,” followed by 3 years’ supervised probation — complies with the Split-Sentence Act, § 15-18-8(a), Ala.Code 1975. On March 29, 2012, this Court issued an order granting Enfinger’s appointed counsel’s motion to withdraw, appointing new counsel for Enfinger, and ordering Enfinger’s new counsel to file a *537 brief addressing the issue noticed by this Court.
Complying with this Court’s order, En-finger’s new counsel timely filed a brief addressing the issue noticed by this Court. In his brief, Enfinger contends that this case needs to be remanded to the circuit court because, he says, (1) the circuit court erred when it accepted his guilty plea and sentenced him under the Split-Sentence Act set forth in § 15-18-8(a), Ala.Code 1975; and (2) the circuit court erred in revoking his probation because “the State denied him due process by failing in its duty to obtain the registration information required under § 15-20A-7[, Ala.Code 1975,] as mandated and within the time specified by § 15-20A-9(a)(l)[, Ala.Code 1975].” (Enfinger’s brief, p. 9.) The State, in its brief, concedes that “Enfinger’s sentence is not authorized by law” and requests that this case be remanded to the circuit court to resentence Enfinger. (State’s brief, p. 4.)
Initially, we note that, although the legality of Enfinger’s sentence was not first argued in the circuit court, we have held that when the circuit court does not have the authority to split a sentence under the Split-Sentence Act, § 15-18-8, Ala.Code 1975, “the manner in which the [circuit] court split the sentence is illegal,]” Austin v. State, 864 So.2d 1115, 1118 (Ala.Crim.App.2003), and that “[m]at-ters concerning unauthorized sentences are jurisdictional.” Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994). Thus, this Court may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999).
As explained above, Enfinger pleaded guilty to sexual abuse of a child under 12, see § 13A-6-69.1, Ala.Code 1975, and was sentenced, as an habitual felony offender, to 20 years’ imprisonment and that sentence was split and Enfinger was ordered to serve “time served in the custody of the Sheriff of Baldwin County, Alabama,” followed by 3 years’ supervised probation. (Record on Return to Remand, C. 13-15.) The circuit court, however, did not have the authority, under the Split-Sentence Act, § 15-18-8, Ala.Code 1975, to split Enfinger’s sentence or to impose a term of probation.
Section 15-18-8(a), Ala.Code 1975, specifically exempts from the Split-Sentence Act those offenders who have been convicted of “a criminal sex offense involving a child as defined in Section 15-20-21(5).” Section 15-20-21(5), Ala.Code 1975, defines “criminal sex offense involving a child” as “a conviction for any criminal sex offense in which the victim was a child under the age of 12 and any offense involving child pornography.” Additionally, § 15-18-8(b), Ala.Code 1975, specifically precludes the circuit court from imposing a term of probation for offenders convicted of “a criminal sex offense involving a child as defined in Section 15-20-21(5), which constitutes a Class A or B felony.” Thus, the circuit court did not have the authority to. either impose a split sentence or to impose a term of probation. See § 15-18-8(a) and (b), Ala.Code 1975. Therefore, the “execution of [Enfinger’s] sentence is illegal.” Simmons v. State, 879 So.2d 1218, 1222 (Ala.Crim.App.2003).[2]
In cases where the circuit court had no authority to impose the Split-Sentence Act, the proper remedy has been to remand the case to the circuit court for that court to remove the split portion of *538 the sentence. See e.g., Simmons, supra (holding that, the circuit court had no authority to split a sentence and remanding the case to the circuit court for that court to set aside the split portion of the sentence), Morris v. State, 876 So.2d 1176 (Ala.Crim.App.2003) (same); cf., Moore v. State, 871 So.2d 106 (Ala.Crim.App.2003) (holding that, although the circuit court had authority to split the sentence, the circuit court split the sentence in an improper manner and remanding the case to the circuit court for that court to “reconsider the execution” of the sentence); Austin, supra (same).
Those cases, however, do not contemplate the specific facts of this case — that is, where the circuit court imposes a split sentence and a term of probation under the Split-Sentence Act when it had no authority to do so and later conducts a probation-revocation hearing at which it revokes a defendant’s probationary term and orders that the defendant serve the remainder of his underlying sentence in prison. Thus, the issue before this Court is whether the circuit court’s improper imposition of the Split-Sentence Act can be remedied by the circuit court’s conducting a probation-revocation hearing and revoking a defendant’s probation.
As discussed above, because the nature of Enfinger’s guilty-plea conviction exempts him from application of the Split-Sentence Act, the circuit court had no authority to apply the Split-Sentence Act to Enfinger and no authority to impose a term of probation on Enfinger. See § 15-18-8(a) and (b), Ala.Code 1975. Because the circuit court had no authority to split Enfinger’s sentence or to impose a term of probation, it likewise had no authority to conduct a probation-revocation hearing and revoke Enfinger’s probation under § 15-18-8(c), Ala.Code 1975, which provides, in part, that under the Split-Sentence Act the circuit court “may revoke or modify any condition of probation or may change the period of probation.” Because the circuit court had no authority to impose a term of probation or to revoke probation, the circuit court’s order revoking Enfinger’s probation is void.
Because the circuit court’s probation order is void, the sentence in this case is analogous to the sentences at issue in Simmons and Morris. Thus, like those cases, we must remand this case to the circuit court for that court to remove the split portion of Enfinger’s sentence, see e.g., Simmons, supra; Morris, supra. To do so, the circuit court must “conduct another sentencing hearing and ... reconsider the execution of [Enfinger’s] 20-year sentence. Because the 20-year sentence was valid, the circuit court may not change it.” Austin, 864 So.2d at 1119; Moore, 871 So.2d at 109-10.
We recognize that the circuit court’s revocation of Enfinger’s probation in this case appears to reach a result that is no different than the result that was obtained in Simmons and Morris — i.e., the probation revocation in essence removed the unauthorized split. Those cases, however, did not involve merely the removal of an improper split. In each of those cases, the circuit court was instructed to consider on remand whether the removal of the split would affect the voluntariness of the defendant’s guilty plea. Further, the circuit court in each case was instructed that, if the defendant moved to withdraw his guilty plea, it should allow the defendant to do so. See Simmons, supra; Morris, 876 So.2d at 1178 (“Because the split sentence was a term of the appellant’s plea agreement, if the appellant moves to withdraw his guilty plea, the circuit court should grant the motion. See Austin v. State, 864 So.2d 1115 (Ala.Crim.App.2003).”) To hold that the circuit court can *539 remedy the imposition of an unauthorized split sentence by revoking a defendant’s probation, however, would prevent that defendant from being able to move to withdraw his guilty plea and thus would treat him differently than the defendants in Simmons and Morris were treated — i.e., after the circuit court conducts a resen-tencing, the defendant would not have the assistance of appointed counsel to move to withdraw his guilty plea under Rule 14.4(e), Ala. R.Crim. P.; instead, an indigent defendant would have to raise, pro se in a Rule 32 petition, the issue that the defendant’s guilty plea was involuntary.
Furthermore, holding that a circuit court can remedy the imposition of an improper split sentence by revoking a defendant’s probation could lead to an absurd result. For example, a defendant serving a sentence that is improper under the Split-Sentence Act could be charged with violating the terms and conditions of his probation and the circuit court could thereafter revoke that defendant’s probation. On appeal, the defendant could contend that the evidence was insufficient to support the revocation of his probation, and if, after a review of the record, this Court determined that the defendant is, in fact, correct, we would be forced to hold that, although the evidence was insufficient to support the revocation, the imposition of the remainder of his sentence is correct because the circuit court could not have imposed a split sentence. Such a result is unsound and untenable.
Because the circuit court did not have the authority to revoke Enfinger’s probation, its order revoking Enfinger’s probation is vacated, and this case is remanded to the circuit court for that court to resen-tence Enfinger in accordance with this opinion.
Additionally, we note that, although the record indicates that Enfinger was convicted of sexual abuse of a child under 12 as the result of a “plea bargain” (C. 8), the record is unclear as to whether Enfinger’s sentence was part of the plea bargain. Thus, “it is impossible for this Court to determine whether resentencing [Enfinger] will affect the voluntariness of his plea.” Austin, 864 So.2d at 1119. If the split sentence was a term of Enfinger’s “plea bargain,” and, if he moves to withdraw his guilty plea, the circuit court should conduct a hearing to determine whether withdrawal of the plea is necessary to correct a manifest injustice. See Rule 14.4(e), Ala. R.Crim. P.
Based on the foregoing, the judgment of the circuit court is reversed, and this case is remanded to the circuit court for that court to resentence Enfinger in accordance with this opinion. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days after the release of this opinion.[3] The return to remand shall include a transcript of the proceedings conducted on remand.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WELCH, KELLUM, and BURKE, JJ., concur.
WINDOM, P.J., dissents, with opinion.

. On February 22, 2012, this Court remanded this case to the circuit court for that court to supplement the record on appeal with a copy of the sentencing order in CC-08-74. (Record on Return to Remand, C. 21.)

. As stated above, the State concedes that Enfinger’s sentence "is not authorized by law” and requests that this Court remand this case to the circuit court for that court to resentence Enfinger. (State’s brief, p. 5.)

. Although Enfinger also argues on appeal that the circuit court erred in revoking his probation because, he says, "the State denied him due process by failing in its duty to obtain the registration information required under § 15-20A-7 as mandated and within the time specified by § 15-20A-9(a)(l),” our holding that Enfinger must be resentenced renders moot the issue whether the revocation of his probation was inappropriate.