On Return to Remand 
*

JOINER, Judge.
Donald Raymond Scott appeals the denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P. As addressed below, Scott’s underlying sentence is illegal; accordingly, we remand this matter for further proceedings.
In November 2006, Scott was convicted of unlawful distribution of a controlled substance, see § 13A-12-211, Ala.Code 1975, and was sentenced to 20 years’ imprisonment; Scott’s sentence was suspended, and Scott was ordered to serve 5 years on probation. In March 2008, Scott’s probation was extended for an additional two years. In January 2009, an “Officer’s Report on Delinquent Probationer” was filed alleging that Scott had violated the terms of his probation by being arrested for third-degree theft of property. (C. 21.)
The circuit court conducted a probation-revocation proceeding,[1] the entirety of which is quoted as follows:
“THE COURT: This is CC-06-366, State of Alabama versus Donald Scott. Mr. Scott is before the Court on a petition to revoke his probation.
“Mr. Scott, the probation officer alleges that you have been arrested for a new offense, that is, theft of property in the third degree. Do you admit or deny that allegation?
“THE DEFENDANT: I deny. Your Honor.
“THE COURT: You deny that you have been arrested on it?
“THE DEFENDANT: I’ve been arrested on it. I deny the charges.
“THE COURT: What from the State?
“[THE STATE]: Your Honor, my records show that Mr. Scott’s been before the Court previous on this charge on a revocation where, I think, six months was imposed and probation was extended. Considering he has three pri- or felonies and had a 20-year sentence *460 which was suspended to begin with, again, he’s had more than enough chances to bring his conduct within conformity of the law. I believe the standard for the picking up of a new charge is simply probable cause, not beyond a reasonable doubt, but certainly probable cause he committed a new offense. I think he’s used up his last chance, Your Honor.
“THE COURT: Do you agree?
“[PROBATION OFFICER]: Yes, Your Honor.
“THE DEFENDANT: I was the cashier at the time this incident happened.
“THE COURT: Don’t tell me too much about this because they can use what you say against you when they prosecute you on this case. Do you understand that?
“THE DEFENDANT: Yes, sir.
“THE COURT: Your probation is revoked and you’re remanded to the custody of the State of Alabama Department of Corrections for execution of your sentence.
“THE DEFENDANT: Can I get an appeal bond?
“THE COURT: No. I’m not going to set an appeal bond, but you can appeal.”
(C. 3^4.) Following the hearing, the circuit court entered the following order:
“Defendant appeared in open court for probation revocation hearing on January 28, 2009. The State was represented by its Assistant District Attorney.
“The Court finds that the Defendant had sufficient notice and understanding of the charges against him.
“Testimony was received from the Defendant and the Probation Officer. The Defendant admitted the charges in the delinquency report. Based upon the evidence presented, the Court finds that no measure short of confinement will avoid depreciating the seriousness of the violation.
“It is therefore ORDERED, ADJUDGED and DECREED that the Defendant’s probation is due to be and is hereby revoked. Said revocation is based upon the following act(s) which occurred subsequent to the order of probation: (1) Defendant [ ] obtained a new arrest — Theft of Property in the Third Degree.
“After hearing testimony, considering the evidence presented, and court records, the Court finds that the Defendant’s probation is due to be and is hereby revoked and Defendant is ORDERED to serve his sentence of twenty (20) years in the custody of the Alabama Department of Corrections.”
(C1.6A-6B.)
Scott appealed the revocation of his probation and asked this Court to appoint appellate counsel. This Court denied Scott’s request for counsel and addressed the sole issue raised by Scott in his pro se brief — whether there was sufficient evidence presented at the probation-revocation proceeding to support the revocation; with two judges dissenting, this Court affirmed the judgment of the circuit court, concluding that Scott had failed to preserve for appellate review the sole issue raised on appeal. Scott v. State (No. CR-08-0702, Oct. 2, 2009), 64 So.3d 1153 (Ala.Crim.App.2009) (table).
In January 2011, Scott filed an in forma pauperis declaration and a standard Rule 32 form; Scott attached to his standard Rule 32 form a supplement in which he detailed his Rule 32 claims. Specifically, Scott challenged his probation revocation, claiming that
“[t]he [circuit] [c]ourt was without jurisdiction to render the judgment or to *461 impose the sentence because Scott had right to counsel during his probation-revocation proceedings, and he was denied that right, and the trial court erred by failing to advise him of his right to request an attorney during the probation-revocation proceeding.”
(C. 12.) In support of his petition, Scott attached, among other things, a copy of the transcript of the probation-revocation proceeding. Shortly thereafter, Scott moved the circuit court to appoint counsel.
In its response to Scott’s petition, the State asserted that Scott did not request counsel at the probation-revocation proceeding, that Scott was not automatically entitled to counsel at the probation-revocation proceeding, and, finally, that Scott was not entitled to counsel at the probation-revocation proceeding because, the State said, Scott admitted the probation violation. (C. 32.) In his reply, Scott argued, among other things, that he “made a colorful [sic] claim that he had ‘not committed the alleged violation of the conditions or regulations of probation or the instructions issued by the probation officer’ ” and, further, that his probation revocation was based solely on his arrest. (C. 84-35.) Although the circuit court subsequently set the matter for a hearing, the circuit court denied Scott’s request to be represented by counsel during the Rule 32 proceedings.[2]
The circuit court conducted an evidentia-ry hearing, during which Scott asserted that “the trial court was without jurisdiction to render judgment or to impose the sentence because [Scott] had the right to counsel during [his] probation-revocation proceedings” (R. 4), and that “the trial court erred by failing to advise [Scott] of [his] right to request an attorney during the probation-revocation proceeding.” (R. 7.) Scott asserted during the hearing, as he did in his pleadings, that he was not represented by counsel at the probation-revocation proceeding, that he was not informed that he had a right to be represented by counsel at the probation-revocation proceeding, and, further, that he made a col-orable claim that he had not committed the alleged probation violation. (R. 4-5.) At the Rule 32 hearing, the State stood “on its motion that [it] filed.” (R. 8.) The circuit court denied Scott’s petition without a written order.
Scott now appeals the denial of his Rule 32 petition. Initially, this Court recognized that the circuit court had failed to enter a written order denying Scott’s petition following the evidentiary hearing and remanded this matter by order with directions that the circuit court enter an order in accordance with the requirements of Rule 32.9(d), Ala. R.Crim. P. The circuit court complied with our order, and entered the following written order:
“This case is before the Court on remand from the Alabama Court of Criminal Appeals. The Court now having reviewed the record in this case and having held an evidentiary hearing, it finds and Orders as follows:
“1. That the Defendant was before the Court on a petition to revoke his probation on January 28, 2009. At that hearing he did not request nor was he appointed counsel. His probation was revoked that the probated sentence was ordered to [be] executed.
“2. That on or about January 11, 2011, the Defendant filed a petition for Relief from Sentence pursuant to Rule *462 32, Alabama Rules of Criminal Procedure wherein he alleged that the Court was without jurisdiction to terminate his probation because it had failed to appoint counsel for him during the January 28, 2009 Probation Revocation Hearing. His Rule 32 petition was denied after a hearing on April 20, 2011. The reasons for the denial were not given as is required under Rule 32.9.
“3. The Court found during the April 20, 2011 hearing, that contrary to the Defendant’s claim, it did have jurisdiction to revoke the Defendant’s probation and order execution of his sentence in the absence of informing the Defendant that he may have a right to be represented by counsel during the revocation hearing. The Court further notes that although the Defendant denied that he had committed the alleged theft during the revocation hearing, he was later convicted of the offense.
“4. That the Court was not without jurisdiction to terminate the Defendant’s probation and the Defendant’s Petition for Relief from Sentence pursuant to Rule 32, Alabama Rules of Criminal Procedure is hereby denied.”
(Record on Return to Remand, C. 2-3.)
On appeal, Scott reasserts on appeal the two claims he raised below — that “[t]he [circuit] [c]ourt was without jurisdiction to render the judgment or to impose the sentence because Scott had [a] right to counsel during his probation-revocation proceedings, and he was denied that right” and also that “the trial court erred by failing to advise him of his right to request an attorney during the probation-revocation proceeding” — and argues that his petition was erroneously denied. In response, the State asserts that the judgment of the circuit court is sound.
On return to remand, however, we recognize that Scott’s underlying sentence is illegal and, therefore, we reverse the judgment of the circuit court imposing that sentence.
This Court stated in Moore v. State:
“ ‘Matters concerning unauthorized sentences are jurisdictional.’ Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994). It is well settled that jurisdictional matters are of such magnitude that appellate courts may take notice of them at any time and may do so even ex mero motu. Nunn v. Baker, 518 So.2d 711 (Ala.1987); State v. Crittenden, 17 So.3d 253 (Ala.Crim.App.2009); State v. Isbell, 955 So.2d 476 (Ala.Crim.App.2006). Therefore, this Court may take notice of an illegal sentence, even though Moore did not raise the issue in the circuit court or in his brief on appeal. See, e.g., McCall v. State, 794 So.2d 1243 (Ala.Crim.App.2000); Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999).”
40 So.3d 750, 753 (Ala.Crim.App.2009). The circuit court sentenced Scott to 20 years’ imprisonment, suspended Scott’s term of imprisonment in its entirety, and placed Scott on probation; although Scott’s probation was eventually revoked, the circuit court was without jurisdiction to impose Scott’s original sentence. See § 15-22-50 (“The court shall have no power to suspend the execution of sentence imposed upon any person who has been found guilty and whose punishment is fixed at death or imprisonment in the penitentiary for more than 15 years.”).
This Court in Enfinger v. State, 123 So.3d 535 (Ala.Crim.App.2012), recently addressed the effect of probation revocation following the imposition of an illegal sentence. In Enfinger, Enfinger pleaded guilty to sexual abuse of a child under 12, see § 13A-12-69.1, Ala.Code 1975, and his sentence was split; Enfinger’s probation *463 was eventually revoked, and he appealed. On appeal, this Court first recognized that, because of the nature of Enfinger’s offense — “a criminal sex offense involving a child” — “the circuit court did not have the authority to either impose a split sentence or to impose a term of probation.” En-finger, 123 So.Sd at 537. Therefore, this Court concluded that the circuit court’s purported probation-revocation order was unauthorized because the circuit court “had no authority to conduct a probation-revocation hearing and revoke Enfinger’s probation.” Enfinger, 123 So.3d at 538.
The majority opinion illustrated the necessity of the holding, stating as follows:
“[HJolding that a circuit court can remedy the imposition of an improper split sentence by revoking a defendant’s probation could lead to an absurd result. For example, a defendant serving a sentence that is improper under the Split-Sentence Act could be charged with violating the terms and conditions of his probation and the circuit court could thereafter revoke that defendant’s probation. On appeal, the defendant could contend that the evidence was insufficient to support the revocation of his probation, and if, after a review of the record, this Court determined that the defendant is, in fact, correct, we would be forced to hold that, although the evidence was insufficient to support the revocation, the imposition of the remainder of his sentence is correct because the circuit court could not have imposed a split sentence. Such a result is unsound and untenable.”
Enfinger, 123 So.3d at 539. This case falls within the realm envisioned by this Court in Enfinger.
First, Scott’s sentence of 20 years’ imprisonment was suspended, resulting in an illegal sentence, and Scott was placed on probation. Second, as is evident by the above-quoted probation-revocation proceeding, Scott’s probation was revoked following a suspect probation-revocation proceeding. Third, and finally, Scott filed a Rule 32 petition for postcon-viction relief in which he argued that “the trial court erred by failing to advise him of his right to request an attorney during the probation-revocation proceeding.” This argument is meritorious and, were Scott entitled to probation, he would be entitled to relief on this claim.[3] Scott, however, is *464 not entitled to probation, and, thus, this Court cannot afford Scott the relief he currently seeks; thus, the question of Scott’s illegal sentence is the only issue that remains.[4]
Scott’s sentence is illegal and the circuit court was without jurisdiction to revoke Scott’s probation, see Enfinger; because the circuit court did not have the authority to revoke Scott’s probation, the circuit court’s order purporting to do so was without effect.
Accordingly, the judgment of the circuit court sentencing Scott and purporting to suspend that sentence is reversed, and this case is remanded to the circuit court for proceedings consistent this opinion, including resentencing.[5] The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include a transcript of the proceedings conducted on remand.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WELCH and BURKE, JJ., concur.
KELLUM, J., concurs in the result.
WINDOM, P.J., dissents.

On Return to Second Remand

JOINER, Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
WELCH, KELLUM, and BURKE, JJ., concur.
WINDOM, P.J., dissents, with opinion.

 Note from the reporter of decisions: On November 23, 2011, the Court of Criminal Appeals remanded this case by order.

. As discussed later in the opinion, Scott appealed the outcome of the probation-revocation proceeding. Scott v. State (No. CR-08-0702, Oct. 2, 2009), 64 So.3d 1153 (Ala.Crim.App.2009) (table). We take judicial notice of the record before this Court in CR-08-0702, in which Scott appealed the revocation of his probation. Nettles v. State, 731 So.2d 626, 629 (Ala.Crim.App.1998). Citations to the record in CR-08-0702 will be reflected by the use of "Cl” to reference the clerk’s record and “Rl” to reference the reporter’s transcript.

. See Rule 32.7(c), Ala. R.Crim. P. ("If the court does not summarily dismiss the petition, and if it appears that the petitioner is indigent or otherwise unable to obtain the assistance of counsel and desires the assistance of counsel, and it further appears that counsel is necessary to assert or protect the rights of the petitioner, the court shall appoint counsel.”).

. First, there is a ground under which Scott is entitled to relief under Rule 32.1, Ala. R.Crim. P. Although Scott’s first argument was couched in jurisdictional terms, this argument is clearly a claim under Rule 32.1(a), Ala. R.Crim. P., that ‘‘[t]he constitution of the United States or the State of Alabama requires a new trial, a new sentencing proceeding, or other relief”; specifically, Scott argued in his petition that the circuit court's failure to advise him of his right to counsel was "error” and asked the trial court to ”set[] aside the revocation of his probation.” (C. 18.)
Second, Scott’s claim is legally correct and sufficiently pleaded. Rule 27.5(a)(3), Ala. R.Crim. P., provides, among other things, that when a probationer is arrested following the initiation of probation-revocation proceedings, the probationer "shall” be ”advise[d] ... of his or her right to request counsel.” This Court in Law v. State, 778 So.2d 249, 251 (Ala.Crim.App.2000), however, recognized that
" 'a trial court’s failure to inform an accused of his right to request counsel is not necessarily fatal to its case. Unless [the probationer’s] revocation proceeding was one wherein the actual appointment of counsel was necessary to satisfy applicable due process requirements of fundamental fairness, then he would not have been entitled to have his request for counsel honored and the mere failure to have informed him of the right to make such a request could not have harmed him.’ ”
(Quoting Kitchens v. State, 234 Ga.App. 785, 787, 508 S.E.2d 176, 179 (1998) (citations, quotations, and emphasis omitted).) It is well settled that "a 'mere arrest’ or the filing of *464 charges is an insufficient basis for revoking probation.” Gates v. State, 629 So.2d 719, 720 (Ala.Crim.App.1993). In light of the fact that Scott did not admit to the underlying charges, this case would be the type in which appointment of counsel would be warranted; the evidence is undisputed that Scott was not advised that he was entitled to counsel — the circuit court recognized this fact in its written order on remand — and it was error of the circuit court not to advise Scott that he was entitled to counsel. See Davis v. State, 855 So.2d 1142 (Ala.Crim.App.2003) (holding that, when a defendant does not admit the charges, disputes the underlying charges, and the State presents no evidence in support of the allegations found in the delinquency report, a probationer has "a colorable claim that he did not commit the alleged violations”).
Third, and finally, we cannot say that this claim is precluded under Rule 32.2, Ala. R.Crim. P. Although the State now makes this argument on appeal, neither the State nor the circuit court addressed this issue below, and, thus, it is waived. See Ex parte Clemons, 55 So.3d 348 (Ala.2007) (recognizing that "[bjecause the State waived the pre-clusive bars of Rule 32.2(a) by not raising them in the trial court, it may not raise those bars here as a defense").

. We note that the same judge imposed Scott's illegal sentence, revoked Scott's probation, and denied Scott's Rule 32 petition.

. Although the record indicates that Scott was convicted as the result of a plea bargain, the record is unclear as to whether Scott’s sentence was part of the plea bargain. Thus, “it is impossible for this Court to determine whether resentencing [Scott] will affect the voluntariness of his plea.” Austin v. State, 864 So.2d 1115, 1119 (Ala.Crim.App.2003). If the suspended sentence was a term of Scott’s "plea bargain” and if he moves to withdraw his guilty plea, the circuit court should conduct a hearing to determine whether withdrawal of the plea is necessary to correct a manifest injustice. See Rule 14.4(e), Ala. R.Crim. P.