JOINER, Judge.
Ronald Curry Adams appeals from an order revoking his probation. We reverse and remand with instructions. In March 2012, Adams pleaded guilty to second-degree assault, see § 13A-6-21, Ala.Code 1975, and first-degree robbery, see § 13A-8-41, Ala.Code 1975. Adams was sentenced to 10 years’ imprisonment for the second-degree-assault conviction; that sentence, however, was split, and Adams was sentenced to serve 6 months’ imprisonment, followed by 3 years’ probation. With respect to the first-degree-robbery conviction, Adams was sentenced to 20 years’ imprisonment; that sentence was suspended, and Adams was ordered to serve 5 years’ probation. The sentences were to run concurrently. (C. 12, 34.) In May 2012, Adams’s probation was revoked, and Adams now appeals.[1]
On appeal, Adams argues, among other things, that his first-degree-robbery sentence is illegal and, thus, that the circuit court’s order purporting to revoke his probation relating to the first-degree-robbery conviction is without effect. (Adams’s brief, p. 5.) The State concedes that the first-degree-robbery case “should be remanded to the trial court for reconsideration of its revocation and the underlying plea agreement.” (State’s brief, p. 5.)
“The court shall have no power to suspend the execution of sentence imposed upon any person who has been found guilty and whose punishment is fixed at death or imprisonment in the penitentiary for more than 15 years.” § 15-22-50, Ala. Code 1975.
“This Court in Enfinger v. State, 123 So.3d 535 (Ala.Crim.App.2012), recently addressed the effect of probation revocation following the imposition of an illegal sentence. In Enfinger, Enfinger pleaded guilty to sexual abuse of a child under 12, see § 13A-12-69.1, Ala.Code 1975, and his sentence was split; En-finger’s probation was eventually revoked, and he appealed. On appeal, this Court first recognized that, because of the nature of Enfinger’s offense — ‘a criminal sex offense involving a child’— ‘the circuit court did not have the authority to either impose a split sentence or to impose a term of probation.’ Enfinger, 123 So.3d at 538. Therefore, this Court concluded that the circuit court’s purported probation-revocation order was unauthorized because the circuit court ‘had no authority to conduct a probation-revocation hearing and revoke Enfinger’s probation.’ Enfinger, 123 So.3d at 538.”
Scott v. State, [Ms. CR-10-1418, Feb. 15, 2013] — So.3d -, -(Ala.Crim.App.2013).
In this case, like in Enfinger v. State, 123 So.3d 535 (Ala.Crim.App.2012), and Scott, Adams’s “sentence [for first-degree robbery] is illegal and the circuit court was without jurisdiction to revoke [his] probation, see Enfinger; because the circuit court did not have the authority to revoke [his] probation, the circuit court’s order purporting to do so was without effect.” *512 Scott, — So.3d at - (emphasis added). The remedy is to resentence Adams; however, as we did in Enfinger,
“we note that, although the record indicates that [Adams] was convicted ... as the result of a ‘plea bargain’ ..., the record is unclear as to whether [Adams’s] sentence was part of the plea bargain. Thus, ‘it is impossible for this Court to determine whether resentenc-ing [Adams] will affect the voluntariness of his plea.’ Austin [v. State ], 864 So.2d [1115] at 1119 [(Ala.Crim.App.2008)].”
Enfinger, 123 So.3d at 539.
Accordingly, the judgment of the circuit court sentencing Adams to 20 years’ imprisonment and purporting to suspend that sentence is reversed, and this case is remanded to the circuit court for proceedings consistent with this opinion, including resentencing and addressing any subsequent issues that might arise relating to the voluntariness of Adams’s plea.[2] The circuit court shall take all necessary action to ensure due return to this Court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include a detailed order and a transcript of the proceedings conducted on remand.
REVERSED AND REMANDED WITH INSTRUCTIONS. 
WELCH, KELLUM, and BURKE, JJ„ concur. WINDOM, P.J., dissents, with opinion.

. Initially, Adams’s appointed appellate counsel filed a no-merit brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a motion to withdraw from representing Adams on appeal. Upon our review of the record, we noticed issues arguable on their merits that warranted further briefing, permitted Adams's initial appellate counsel to withdraw, and appointed new appellate counsel.

. The State argues that this Court should remand only as to the first-degree-robbery conviction and address the revocation of probation relating to the second-degree-assault conviction. As the State concedes, however, "the record [in this case] is far from clear” (State's brief, p. 5), and it is unclear whether there is any connection between the second-degree-assault plea and the first-degree-robbery plea; accordingly, we remand this entire matter to the circuit court. For the same reason, we do not at this time address Adams’s second argument—namely, that his probation-revocation hearing did not comport with due-process requirements.