JOINER, Judge,
concurring in the result.
Although I agree that this case is due to be remanded, I disagree with the main opinion to the extent that its relies on Enfinger v. State, 123 So.3d 535, 540 (Ala.Crim.App.2012), to suggest that on remand the only resentencing option for the circuit court is to remove the split portions of Brown’s sentences.
In Enfinger, as the main opinion explains, Enfinger pleaded guilty to sexual abuse of a child under 12 and was sentenced, as an habitual felony offender, to 20 years’ imprisonment, which was split, and Enfinger was ordered to serve “time served,” followed by 3 years’ supervised probation. Enfinger, 123 So.3d at 536. This Court noted that, because Enfinger pleaded guilty to sexual abuse of a child under 12, he was not eligible to receive a split sentence under § 15-18-8, Ala.Code 1975,[3] and therefore this Court held that the circuit court did not have the authority to split Enfinger’s sentence or impose a term of probation. Id. at 537. Because the circuit court had no authority to impose a split sentence, this Court remanded the case to the circuit court for that court “to remove the split portion of Enfinger’s sentence.” Id. at 538.
Here, unlike Enfinger, Brown was, in fact, eligible to receive split sentences under § 15-18-8, Ala.Code 1975, and the circuit court had the authority to impose Brown’s split sentences. Thus, unlike En-finger, the error in this case is not the circuit court’s use of the split-sentence act, but, rather, the circuit court’s improper execution of the split sentence through the failure to impose terms of probation.
In Moore v. State, 871 So.2d 106 (Ala.Crim.App.2003), we held that when the circuit court has the authority to impose a split sentence but fails to impose a term of probation this Court must remand the case to the circuit court “to conduct another sentencing hearing and to reconsider the execution of [the defendant’s] ... sentence.” 871 So.2d at 109-10. In such a case, the circuit court on remand “may either split the sentence in compliance with § 15-18-8, [Ala.Code 1975,] ... or, if it determines that splitting the sentence is no longer appropriate, it may reinstate the [base] sentence.” Moore, 871 So.2d at 110. See also Madden v. State, 864 So.2d 395, 398-99 (Ala.Crim.App.2002).
In my view, the options on remand as outlined in Moore are available for the circuit court on remand in Brown’s case. Thus, as in Moore, on remand
“the circuit court [must] conduct another sentencing hearing and ... reconsider the execution of [Brown’s] 20-year sentence. Because the 20-year sentence was valid, the circuit court may not change it. See Wood v. State, 602 So.2d 1195 (Ala.Crim.App.1992). However, the court may either split the sentence in compliance with § 15-18-8, i.e., ordering no more than 5 years and no less than 8 years in confinement followed by a definite period of probation, or, if it determines that splitting the sentence is no longer appropriate, it may reinstate the full %0-year sentence.”
871 So.2d at 109-10 (emphasis added). Additionally, because the record does not indicate whether the split sentences were the result of a plea agreement
“the circuit court must also determine on remand if [Brown’s] plea was indeed a part of a plea agreement with the *1276 State. If the court determines on resen-tencing that splitting [Brown’s] sentence is no longer appropriate and that the original splitting of [Brown’s] sentence was a part of a plea agreement with the State,[4] then resentencing would be a rejection of the plea agreement and the circuit court must allow [Brown] to withdraw his plea if [Brown] requests to do so.”
871 So.2d at 111. Finally, I think that, in the event the circuit court on remand splits the sentences in compliance with § 15-18-8, the circuit court is not precluded from thereafter conducting a revocation hearing to determine if the split portions of Brown’s sentences should be revoked.
Based on the foregoing, I respectfully concur in the result.

. Section 15-18-8, Ala.Code 1975, specifically exempts from eligibility to receive a split sentence those offenders who have been convicted of a "criminal sex offense involving a child as defined in Section 15-20-21(5), which constitutes a Class A or B felony.”

. As a part of this inquiry under the particular facts of this case, the circuit court should also determine whether Brown entered into plea agreements that he be sentenced to split sentences with no probationary terms.