JOINER, Judge.
Charles Eugene Mewborn appeals the circuit court’s decision to revoke his probation. We reverse and remand.
On September 7, 2010, Mewborn pleaded guilty to unlawful possession of a controlled substance, see § 13A-12-212, Ala. Code 1975, and was sentenced, as a habitual felony offender, to 20 years’ imprisonment. The circuit court, however, suspended Mewborn’s sentence and placed him on four years’ supervised probation. (C. 13-14.) Additionally, the circuit court ordered Mewborn to pay a $250 fine, a $250 erime-victims-compensation assessment, a $1,000 drug-demand-reduction assessment, a $100 forensic-services-trust-fund fee, an attorney fee, and court costs.
On August 7, 2013, Mewborn was provided notice alleging that he had violated the terms and conditions of his probation by failing to pay court-ordered moneys, by testing positive for alcohol, by being arrested for public intoxication, and by being in possession of alcohol. On September 4, *710 2013, after conducting a probation-revocation hearing — at which Mewborn was represented by counsel — the circuit court entered a written order revoking Mewborn’s probation.
On appeal, Mewborn’s appointed appellate counsel filed a no-merit brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a motion to withdraw from representing Mewborn on appeal. On December 18, 2013, this Court issued an order affording Mewborn an opportunity to present pro se issues to his counsel and to this Court. On January 7, 2014, Mewborn filed pro se issues with this Court. Specifically, Mew-born argued that (1) “[u]nder [§] 15-22-50[, Ala.Code 1975,] the court had no authority to suspend a sentence [of] more than 15 years”; and (2) “a mere arrest is not a sufficient basis for revocation.”
Reviewing the record in this case pursuant to Anders, we recognized the following issues arguable on their merits that warranted further briefing: specifically, whether the sentence the circuit court imposed — 20 years’ imprisonment suspended to serve 4 years’ supervised probation— complies with § 15-22-50, Ala.Code 1975, and whether the circuit court had jurisdiction to revoke Mewborn’s probation. On February 10, 2014, this Court issued an order granting Mewborn’s appointed coun-^ sel’s motion to withdraw, appointing new counsel for Mewborn, and ordering Mew-born’s new counsel to file a brief addressing the issues noticed by this Court.
Complying with this Court’s order, Mewborn’s new counsel timely filed a brief addressing the issues noticed by this Court. In his brief, Mewborn contends that this case needs to be remanded to the circuit court because, he says, (1) the circuit court’s “imposed sentence — 20 years’ imprisonment suspended to serve 4 years’ supervised probation — does not comply with § 15-22-50, Ala.Code 1975”; and (2) the circuit court “lacked jurisdiction to revoke Mewborn’s probation.” (Mewborn’s brief, pp. 10, 20.) The State, in its brief, concedes that “Mewborn’s case should be remanded to the ... circuit court [because] Mewborn’s original sentence was illegal and ... the [circuit] court had no jurisdiction to revoke his probation.” (State’s brief, p. 3.)
Initially, we recognize that, although- the legality of Mewborn’s sentence was not first raised in the circuit court, we have held that “[mjatters concerning unauthorized sentences are jurisdictional,” Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994), and this Court may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999).
As stated above, Mewborn pleaded guilty to unlawful possession of a controlled substance and was sentenced, as a habitual felony offender, to 20 years’ imprisonment, which sentence the circuit court suspended and placed Mewborn on 4 years’ supervised probation. Section 15-22-50, Ala.Code 1975, provides, in part:
“Circuit courts ... may suspend execution of sentence and place on probation any person convicted of a crime in any court exercising criminal jurisdiction. The court shall have no power to suspend the execution of sentence imposed upon any person who has been found guilty and whose punishment is fixed at death or imprisonment in the penitentiary for more than 15 years.”
(Emphasis added.)
Mewborn, in his brief on appeal, argues that the “outcome of this case depends entirely on the definition of the word ‘fixed’ as used in § 15-22-50, Ala.Code *711 1975.” (Mewborn’s brief, p. 10.) Mew-born offers two explanations for what he believes the term “fixed” means as that term is used in § 15-22-50. First, Mew-born suggests that the term could mean the actual sentence imposed by the circuit court. Second, Mewborn suggests that the term could mean the statutory minimum term of confinement for a specific offense as mandated by the legislature. Although Mewborn argues that the term “fixed” as it is used in § 15-22-50 is ambiguous, the term — as it is used in that statute — is plain. The plain meaning of that term as it is used in § 15-22-50 refers to the punishment imposed by the circuit court at sentencing — not the statutory minimum term of confinement as mandated by the legislature. See, e.g., Little v. State, 129 So.3d 312, 313 (Ala.Crim.App.2012) (Little pleaded guilty to first-degree possession of marijuana — a Class C felony — and was sentenced, as a habitual felony offender with three prior felony convictions, to 20 years’ imprisonment, which sentence was suspended in its entirety. Although the statutory minimum term of imprisonment was 15 years, see § 13A-5-9(c)(1), Ala.Code 1975, this Court held that the circuit court’s imposition of a 20-year sentence, which was suspended in its entirety, was illegal.).
Here, because the circuit court imposed a sentence of 20 years’ imprisonment, the circuit court, under § 15-22-50, had no authority to suspend the execution of Mewborn’s sentence. Consequently, Mew-born’s sentence is illegal. See, Little, 129 So.3d at 313 (“Little was sentenced in accordance with his plea agreement to 20 years’ imprisonment, which was suspended in its entirety. The trial court, however, was without jurisdiction to impose such a sentence.”) (citations and footnote omitted). Thus, we now address the effect of the circuit court’s decision to revoke Mew-born’s probation.
Recently, this Court in Enfinger v. State, 123 So.3d 535 (Ala.Crim.App.2012), in the context of the Split Sentence Act, see § 15-18-8, Ala.Code 1975, addressed the effect of a probation revocation following the imposition of an illegal sentence. In Enfinger, this Court held that, because the circuit court did not have the authority under the Split Sentence Act to' impose on Enfinger a term of probation, the circuit court, likewise, had no authority to conduct a probation-revocation hearing and to revoke Enfinger’s probation. 123 So.3d at 538.
This Court’s holding in Enfinger has been extended to those cases where the circuit court, under § Í5-22-50, Ala.Code 1975, sentences an offender to a term of imprisonment greater than 15 years, suspends that sentence and places an offender on probation and thereafter revokes an offender’s probation. See Scott v. State, 148 So.3d 458, 464 (Ala.Crim.App.2013) (“Scott’s sentence is illegal and the circuit court was without jurisdiction to revoke Scott’s probation, see Enfinger; because the circuit court did not have the authority to revoke Scott’s probation, the circuit court’s order purporting to do so was without effect.”); and Adams v. State, 141 So.3d 510, 511 (Ala.Crim.App.2013) (same).
Thus, in this ease, like in Enfinger, Scott, and Adams, Mewborris “sentence [for unlawful possession of a controlled substance] is illegal and the circuit court was without jurisdiction to revoke [his] probation, see Enfinger; because the circuit court did not have the authority to revoke [his] probation, the circuit court’s order purporting to do so was without effect.” Scott, 148 So.3d at 464; Adams, 141 So.3d at 511. Thus, this case must be remanded to the circuit court for that court to resentence Mewborn.[1] However,
*712 “ ‘we note that, although the record indicates that [Mewborn] was convicted ... as the result of a “plea bargain” ..., the record is unclear as to whether [Mew-born’s] sentence was part of the plea bargain. Thus, “it is impossible for this Court to determine whether resentenc-ing [Mewborn] will affect the voluntariness of his plea.” Austin [v. State ], 864 So.2d [1115] at 1119 [(Ala.Crim.App.2003) ].’ ”
Adams, 141 So.3d at 512 (quoting Enfinger, 123 So.3d at 539). “If the [suspended] sentence was a term of [Mewborn’s] ‘plea bargain,’ and, if he moves to withdraw his guilty plea, the circuit court should conduct a hearing to determine whether withdrawal of the plea is necessary to correct a manifest injustice. See Rule 14.4(e), Ala.R.Crim. P.” Enfinger, 123 So.3d at 539.
Accordingly, the judgment of the circuit court sentencing Mewborn to 20 years’ imprisonment and purporting to suspend that sentence is reversed, and this case is remanded to the circuit court for proceedings consistent with this opinion—including resentencing and addressing any subsequent issues that might arise relating to the voluntariness of Mewborn’s plea. The circuit court shall take all necessary action to ensure due return to this Court at the earliest possible time but no later than 42 days after the release of this opinion. The return to remand shall include a detailed order and a transcript of the proceedings conducted on remand.
REVERSED AND REMANDED WITH INSTRUCTIONS. 
WELCH, KELLUM, and BURKE, JJ„ concur.
WINDOM, P.J., dissents.

. We note that in resentencing Mewborn the circuit court may not impose a sentence greater than 20 years because doing so "would be a violation of [Mewborn’s] rights under the Equal Protection Clause of the 14th Amendment to the Constitution of the United States." Ex parte Tice, 475 So.2d 590, 592 (Ala.1984) (citing Rice v. Simpson, 274 F.Supp. 116 (M.D.Ala.1967)).