On Return to Remand*
WELCH, Judge.
This Court remanded this case by order on February 3, 2014, for the Mobile Circuit Court to make a finding setting forth the date the offense underlying the criminal conviction of Thaddeus Raynard Holley, Sr., was committed. The circuit court submitted a return to this Court on February 27, 2014, informing this Court that the offense was committed on December 17, 2005.
Holley was indicted for having committed, on December 17, 2005, the crime of first-degree sexual abuse of a child under the age of 12, a violation of § 13A-6-66(a)(3), Ala.Code 1975.[1] On August 4, 2006, Holley pleaded guilty and was sentenced to 10 years’ imprisonment. The 10-year sentence was split pursuant to the Split Sentence Act, § 15-18-8, Ala.Code 1975, to be served as 3 years’ incarceration followed by 5 years’ probation. While Holley was serving the probationary portion of his sentence, his probation officer filed a delinquency report alleging that Holley had violated the terms and conditions of his probation by violating the Alabama Sex Offender Registration and Community Notification Act, § 15-20A-1 et seq., Ala. Code 1975, by failing to pay supervision fees and other court-ordered moneys. On August 22, 2013, the circuit court held a revocation hearing, after which it revoked Holley’s probation. Holley appealed from the revocation order.
On appeal, Holley argues that the circuit court improperly revoked his probation based on hearsay testimony. Holley also contends that the revocation was improper because, he says, he was indigent and could not pay court-ordered moneys and fees.
We need not address either of Holley’s claims because our review of the record reveals that Holley’s sentence was illegal. Despite the fact that Holley did not raise this issue in the circuit court or on appeal, “[m]atters concerning unauthorized sentences are jurisdictional.” Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994). Therefore, this Court may take notice of an illegal sentence at any time.
*969 Pender v. State, 740 So.2d 482, 484 (Ala.Crim.App.1999).
“A defendant’s sentence is determined by the law in effect at the time of the commission of the offense.” Davis v. State, 571 So.2d 1287, 1289 (Ala.Crim.App.1990). Holley pleaded guilty to sexual abuse of a child under the age of 12 and was sentenced pursuant to the Split Sentence Act—§ 15-18-8, Ala.Code 1975. The Split Sentence Act was amended before December 17, 2005, the date the crime took place, to prohibit splitting a sentence based upon a conviction for a criminal sex offense involving a child. Effective October 1, 2005, § 15-18-8(a) was amended to specifically prohibit splitting the sentence of an offender who is convicted of “a criminal sex offense involving a child as defined in Section 15-20-21(5).” Section 15-20-21(5), Ala.Code 1975, defines a “criminal sex offense involving a child” as “a conviction for any criminal sex offense in which the victim was a child under the age of 12 and any offense involving child pornography.” Additionally, § 15-18-8(b), Ala. Code 1975, specifically precludes a trial court from imposing a term of probation for offenders convicted of “a criminal sex offense involving a child as defined in Section 15-20-21(5), which constitutes a Class A or B felony.”[2]
In Enfinger v. State, 123 So.3d 535 (Ala.Crim.App.2012), this Court recently held that a trial court has no authority to revoke probation that was imposed as part of an illegal sentence.
“[W]e have held that when the circuit court does not have the authority to split a sentence under the Split-Sentence Act, § 15-18-8, Ala.Code 1975, ‘the manner in which the [circuit] court split the sentence is illegal[,]’ Austin v. State, 864 So.2d 1115, 1118 (Ala.Crim.App.2003), and that ‘[m]atters concerning unauthorized sentences are jurisdictional.’ Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994).”
Enfinger v. State, 123 So.3d at 537. Because Holley committed the crime of first-degree sexual abuse of a child under the age of 12 on December 17, 2005, the sentence imposed was an illegal sentence because it violated the Split Sentence Act that had become the law on October 1, 2005. Moreover, pursuant to Enfinger, a subsequent probation-revocation order in such a case has no effect. Enfinger v. State, 123 So.3d at 538 (“Because the circuit court had no authority to split En-finger’s sentence or to impose a term of probation, it likewise had no authority to conduct a probation-revocation hearing and revoke Enfinger’s probation....”); see also Mewborn v. State, 170 So.3d 709 (Ala.Crim.App.2014).
This case must be remanded for the circuit court to conduct a sentencing hearing and to resentence Holley. To avoid a violation of Holley’s rights under the Equal Protection Clause of the 14th Amendment to the United States Constitution, however, the circuit court may not impose a sentence greater than the original sentence of 10 years’ imprisonment. Mewborn v. State, 170 So.3d at 712 n. 1 (“We note that in resentencing Mewbom the circuit court may not impose a sentence greater than [the original sentence] because doing so ‘would be a violation of [Mewborn’s] rights under the Equal Protection Clause of the 14th Amendment to the Constitution of the United States.’ Ex parte Tice, 475 So.2d 590, 592 (Ala.1984) (citing Rice v. Simpson, 274 F.Supp. 116 (M.D.Ala.1967))).”
The record does not indicate whether Holley’s guilty plea or sentence was the *970 result of a plea bargain. “Therefore, it is impossible for this Court to determine whether resentencing [Holley] will affect the voluntariness of his plea.” Austin v. State, 864 So.2d 1115, 1119 (Ala.Crim.App.2003). “ Tf the [suspended] sentence was a term of [Holley’s] “plea bargain,” and, if he moves to withdraw his guilty plea, the circuit court should conduct a hearing to determine whether withdrawal of the plea is necessary to correct a manifest injustice. See Rule 14.4(e), Ala. R.Crim. P.’ Enfinger [v. State ], 123 So.3d [535,] 539 [ (Ala.Crim.App.2012) ].” Mewborn, 170 So.3d at 712.
Accordingly, we reverse the judgment sentencing Holley to 10 years in prison and purporting to split that sentence, and we reverse the revocation of probation. We remand the cause to the circuit court for proceedings consistent with this opinion. In addition to resentencing Holley, the circuit court may address any resulting issues regarding the voluntariness of Holley’s plea.
The circuit court shall take all necessary action to ensure due return to this Court at the earliest possible time, but no later than 42 days after the release of this opinion. The return to remand shall include a detailed order and a transcript of the proceedings conducted on remand.
REVERSED AND REMANDED WITH INSTRUCTIONS.**
KELLUM, BURKE, and JOINER, JJ., concur.
WINDOM, P.J., dissents, without opinion.

 Note from the reporter of decisions: On February 3, 2014, the Court of Criminal Appeals issued an order remanding this case to the trial court, with instructions. On February 27, 2014, the trial court filed a return to the Court of Criminal Appeals' remand order. This opinion followed.

. Section 13A-6-66, Ala.Code 1975, was amended effective July 1, 2006, to delete subsection (a)(3); prior to the amendment, the offense described in subsection (a)(3) was categorized as a Class C felony. Also effective July 1, 2006, the provisions of § 13A-6-66(a)(3) were reenacted as § 13A-6-69.1, and the offense was categorized as a Class B felony. See Act No. 2006-575, Ala. Acts 2006.

. See note 1, supra.

 Note form the reporter of decisions: On April 8, 2015, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.