BURKE, Judge.
Emily Ruth Belote appeals the Baldwin Circuit Court’s revocation of her probation. Belote pleaded guilty on January 24, 2012, to the unlawful manufacture of a controlled substance, a violation of § 13A-12-218, Ala.Code 1975, and wa's sentenced to 16 years’ imprisonment. Her sentence was suspended, and she was ordered to serve five years’ probation.
On September 24, 2014, the circuit court conducted a probation-revocation hearing at which.Belote admitted to the following: 1) failing to pay court-ordered moneys; 2) failing to appear at a probation-revocation hearing on February 12, 2014; 3) failing to report to her court-referral officer; 4) failing to submit to drug screens; 5) being arrested for giving a false name to a law-enforcement officer; and 6) testing positive for methamphetamine on the day of the probation-revocation hearing. The circuit court issued a written order revoking Belote’s probation based on the above-referenced admissions.
Belote’s appointed counsel has filed a brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel stated that he reviewed the record of the proceedings, the applicable statutes, and caselaw and that he could find no viable issues to advance' on appeal. This Court issued an Anders order on December 17, 2014. After being given an opportunity to do so, Belote failed to identify any additional points or issues for consideration by this Court.
We first recognize. that, although the legality of Belote’s sentence was not first raised in the circuit court, we have held that “[m]atters concerning unauthorized sentences are jurisdictional,” Hunt v. *1155 State, 659 So.2d 998, 999 (Ala.Crim.App.1994), and this Court may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999).
As previously stated, Belote pleaded guilty to unlawful manufacture of a controlled substance and was sentenced to 16 years’ imprisonment. Her sentence was suspended,and she was ordered to serve five years’ probation. Section 15-22-50, Ala.Code 1975, provides, in part:
“Circuit courts ... may suspend execution of sentence and place on probation any person convicted of a crime in any court exercising criminal jurisdiction. The court shall have no power to- suspend the execution of sentence imposed upon any person who has been found guilty and whose punishment.is fixed at death or imprisonment in the penitentiary for more than 15 years.”
(Emphasis added.) In the present case, because the circuit court imposed a sentence of 16 years’ imprisonment, pursuant to § 15-22-50, the circuit court was without authority to suspend the execution of Belote’s sentence.
Additionally, this Court in Enfinger v. State, 123 So.3d 535 (Ala.Crim.App.2012), held that, because the circuit court did not have the authority under the Split Sentence Act to impose a term of probation on Enfinger, the circuit court had no authority to conduct a probation-revocation hearing and to revoke Enfinger’s probation. Likewise,' this Court h'as extended its holding in Enfinger and found that, in eases where the circuit court sentences an offender to a term of imprisonment greater than 15 years and then suspends that sentence and places an offender on probation pursuant to § 15-22-50, Ala.Code 1975, the circuit court lacked the 'authority to conduct a probation-revocation hearing and to revoke the offender’s probation. See Scott v. State, 148 So.3d 458, 464 (Ala.Crim.App.2013)(“Scott’s sentence is illegal and the circuit -court was without jurisdiction to revoke Scott’s probation, see- En-finger;. because the. circuit court, did not have the authority to. revoke Scott’s probation, the circuit court’s order purporting to do so. was without effect.”); and Adams v. State, 141 So.3d 510, 512 (Ala.Crim.App.2013) (same). Therefore, Belote’s sentence for the unlawful manufacture of a controlled substance is illegal and the circuit court was without jurisdiction to revoke her probation, and the circuit court’s order purporting to do so was without effect. See Scott, 148 So.3d at 464; Adams, 141 So.3d at 512.
Further, the record is unclear whether Belote’s sentence was a part of a negotiated plea bargain; thus, “it is impossible for this Court to determine whether resen-tencing [Belote] will affect the voluntariness of [her] plea. Austin [v. State], 864 So.2d [1115] at 1119. [(Ala.Crim.App.2003)].” Adams, 141 So.3d at 512 (quoting Enfinger, 123 So.3d at 539). “If the [suspended] sentence was a term of [Belote’s] ‘plea bargain,’, and, if [s]he moves to withdraw [her] guilty plea, the. circuit court should conduct a hearing to determine whether withdrawal of ’the plea is necessary to correct a manifest injustice. See Rule 14.4(e), Ala. R.Crim. P.” Enfinger, 123 So.3d at 539.
Consequently, the judgment, of the circuit court sentencing Beiote to 16 years’ imprisonment and purporting to .suspend that sentence is reversed, and this case is remanded to the circuit court for proceedings consistent with this opinion — including resentencing and .addressing any subsequent issues that might arise relating to the voluntariness of Belote’s guilty plea. The circuit court shall take all'necessary action to ensure due return to this Court at the earliest possible time but no later than 42 days after the release of this opin *1156 ion. The return to remand shall include a detailed order and a transcript of the proceedings conducted on remand.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WELCH, KELLUM, and JOINER, JJ., concur. WINDOM, P.J., dissents.